**Theophilus McCLAIN, Appellant,**

v.

**WAGNER ELECTRIC CORPORATION, Appellee.**

**No. 76–1257.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1976.

Decided March 9, 1977.

Rehearing Denied April 7, 1977.

---

Kenneth R. Singer, St. Louis, Mo., for appellant; Raymond Howard, Jr., St. Louis, Mo., on brief.

D. J. Sullivan, St. Louis, Mo., for appellee; Timothy L. Stalnaker, St. Louis, Mo., on brief.

Abner W. Sibal, Gen. Counsel, Joseph T. Eddins, Jr., Associate Gen. Counsel, Charles L. Reischel, Asst. Gen. Counsel, and Raj K. Gupta, Atty., Equal Employment Opportunity Commission, Washington, D. C., on brief of the Equal Employment Opportunity Commission as amicus curiae.

Before VAN OOSTERHOUT, Senior Circuit Judge, and HEANEY and HENLEY, Circuit Judges.

HENLEY, Circuit Judge.

Theophilus McClain, a black man, brought this action in the United States District Court for the Eastern District of Missouri, alleging that in 1969 he had been discharged from the employ of the defendant, Wagner Electric Corporation, on account of his race and in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. §§ 2000e *et seq.* Plaintiff seeks damages and reinstatement to his former position without loss of seniority or status. The suit was filed pursuant to § 706(f)(1) of the Act, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–5(f)(1).

Plaintiff filed his suit on July 31, 1975 on the basis of a right to sue letter, dated June 30, 1975, which had been issued to him by the St. Louis District Office of the Equal Employment Opportunity Commission (EEOC). The case was docketed as No. 75–670C(1) and was assigned to Chief United States District Judge James H. Meredith.

The defendant moved for summary judgment dismissing the complaint alleging that plaintiff could not maintain the action because of an earlier suit filed in the same court by the Commission in 1973 as provided by § 706(f)(1). The defendant supported its motion by an affidavit of one of its attorneys. Plaintiff opposed the motion and filed an affidavit alleging among other things that he had never been notified prior to June 30, 1975 of the pendency of the earlier suit or that that case had been settled and disposed of by a consent decree entered therein on November 5, 1973 by District Judge John F. Nangle.

On December 30, 1975 the district court filed a memorandum and entered an order which granted the motion of the defendant to dismiss the 1975 case and which denied plaintiff's motion for leave to intervene in the earlier case. Plaintiff has appealed from that order.

The appeal was submitted to us originally on an agreed appendix, the briefs of the parties, and oral argument. After argument we requested the Commission to file an amicus curiae brief bearing on plaintiff's contention that he had never been notified of the pendency of the 1973 suit. Such a brief has been filed, the defendant has responded to it, and both of those briefs, as well as the original briefs, have been considered by us.

The plaintiff and the Commission contend that the district court erred in dismissing the complaint in the 1975 case while at the same time denying leave to plaintiff to intervene in the 1973 case.

The complaint alleged in substance that in late 1969 plaintiff, while employed by the defendant, became involved in a physical altercation with a white supervisory employee and was discharged. Plaintiff's theory is that while he was discharged ostensibly for misconduct on his part, he was actually discharged on account of his race.

In January, 1970 plaintiff filed a complaint or charge with the Commission. It appears that his charge was not verified and perhaps was not in proper form. In February, 1971 plaintiff verified his complaint with the agency and perfected it. No claim is made that plaintiff's complaint to the Commission was untimely.

The Commission assumed jurisdiction of the claim. In May, 1972 plaintiff was advised by the agency that conciliation efforts had failed. However, he was not given a right to sue letter at that time, probably for the reason that the Commission had under consideration the question of whether to file the suit that it in fact did file in May, 1973.

That suit, which was based on the charges of a number of blacks, including plaintiff and one Henry Crump, was filed in the district court on May 14, 1973. It was originally docketed as No. 73C–310(3) with the number being changed later to 73C–310(4). The case fell originally to the docket of then District Judge William H. Webster and was transferred to the docket of District Judge Nangle after Judge Webster became a member of this court in July, 1973.

By November 5, 1973 the parties to the earlier suit had agreed upon a settlement, and their agreement was incorporated into a consent decree signed by Judge Nangle on that date, which decree was to remain in force for a period of two years.

The settlement agreed upon, while comprehensive in terms designed to eliminate future racial discrimination against employees and prospective employees of the defendant, gave no specific relief such as back pay or reinstatement to any individual employee, including the plaintiff.

As far as the instant case is concerned, the most significant portions of the decree are paragraphs 15, 16 and 17 which were as follows:

15. During the term of this Decree, the Commission covenants not to institute any further suit against Wagner with respect to allegations similar to the allegations in the complaint herein which are commonly characterized as systemic problems or "class" issues in private litigation under Title VII, to-wit: hiring, job assignment, promotions, transfer, discharge, recruitment and training and other terms and conditions of employment. This covenant shall apply to all race charges against Wagner during the two-year period of this Decree, including charges now pending before the Commission. It shall not apply to charges alleging acts of discrimination against specific individuals in violation of Title VII, except that compliance with this Decree will be taken as a full settlement by the Commission of EEOC Charge and Case Numbers TKC9–0190, YKCO–058 (Harris); TKCO–0309, YKC1–270 (McClain); TKCO–0495, YKC1–260 (Crump); TKC9–0191, YKCO–100 (Culp); TKCO–0287, YKC1–269 (Turner); TKCO–0285, YKC1–238 (Reynolds), and TKC9–0192, YKCO–099 (Worth). Compliance with this Decree will further be taken as a full settlement of all issues in this suit, and the complaint herein will be dismissed two years after entry of this Decree.

16. If, at any time during the term of this Decree, the Commission believes that there has been violation of its terms, it shall notify Wagner in writing of the alleged violation, and the latter shall be given reasonable opportunity not to exceed 30 days from the receipt of such notice, to take corrective action before the Commission shall institute any legal proceedings in connection therewith.

17. This Decree shall terminate two years from the date of its entry.

Plaintiff states, and for present purposes we accept his statement as true, that he was not notified of the settlement and was not aware of the fact or terms of the settlement until he received his right to sue letter on June 30, 1975.

The record does not reflect in any detail the circumstances in which the right to sue letter was issued. And the record is silent as to what efforts, if any, plaintiff made between May, 1972, when he was advised that conciliation efforts had failed, and June 30, 1975, when he received his right to sue letter, to ascertain the status of the complaint that he had pending with the agency.

Relying on the opinion of this court in *EEOC v. Missouri Pacific R. R.,* 493 F.2d 71 (8th Cir. 1974), and on its own earlier decision in *Crump v. Wagner Electric Corp.,* 369

F.Supp. 637 (E.D.Mo.1973),[1] the district court held that plaintiff could not maintain his 1975 suit, and that his application for leave to intervene in the earlier suit was untimely.[2] The over-all result of the district court's holding is that if the order is affirmed in both of its aspects, the plaintiff may be unable to assert his personal claim against the defendant.

Section 706(f)(1) provides that in certain circumstances the Commission may bring an action based on employee complaints, and when the Commission does so, employees may intervene in the suit as a matter of right. The section also provides that when certain conditions have been met, employees may file their own suits. If an employee files such a suit, the Commission may seek permissive intervention as provided by Fed.R.Civ.P. 24(b).

■ In *EEOC v. Missouri Pacific R. R., supra,* we held that duplicative suits by the Commission and by employees cannot be maintained under § 706 of the Act. Thus, if the Commission sues first, individual employees are not permitted to sue independently but may intervene as of right in the Commission's suit as provided by Fed.R. Civ.P. 24(a). If a private suit by an employee or employees is instituted prior to the filing of a suit by the Commission, the Commission's remedy is limited to permissive intervention under Rule 24(b) in the employees' suit, at least where the claims asserted by the Commission are no broader than those set out in the employees' suit.[3]

■ Accordingly, we now hold that the plaintiff had no right to maintain his 1975 suit, and that his remedy was by way of intervention as of right in the 1973 suit.

Had the district court granted plaintiff's motion for leave to intervene in the earlier suit, plaintiff might have had no problem. And in our estimation the real question here is whether the district court erred in refusing to permit the plaintiff to intervene in the older case.

A person is not ordinarily in a position to intervene in a pending case if he is unaware of its existence, and plaintiff's assertions that he had no notice or knowledge of the pendency and progress of the 1973 case stand uncontroverted on this record. It was that aspect of the case that moved us to call on the Commission for an amicus curiae brief.

Somewhat to our surprise, we have learned from that brief that the Commission has no fixed or formal policy of giving notice to employees when it decides to file or files under § 706 a suit based on employee complaints. While counsel for the Commission say that affected employees generally learn about the pendency of such a suit when they are contacted as prospective witnesses or for other purposes, counsel also say that the records of the Commission do not indicate that plaintiff was ever in contact with the Commission or with Commission personnel in connection with the 1973 litigation.

The consent decree entered on November 5, 1973 obligated the defendant to comply with the Act and to take certain specific steps in that connection for a period of two years after which the case was to be dismissed. It seems to be conceded that the

---

1. The plaintiff in the *Crump* case was the same individual who has been mentioned already in the course of this opinion, and the defendant in that case was the same defendant that is involved here. Crump had received a right to sue letter of March, 1973, and he filed his suit against Wagner a few days after the Commission had filed its own suit. While Crump's suit was dismissed, his right to seek leave to intervene in the Commission's suit was recognized. The district court docket entries in that suit, which we have examined for another purpose, do not indicate that Crump ever sought or was granted leave to intervene in the action.

2. Fed.R.Civ.P. 24(a).

3. A different result has been reached in cases in which the claims of the Commission are broader than those of the employees who filed the initial suit. *See EEOC v. McLean Trucking Co.,* 525 F.2d 1007 (6th Cir. 1975); *EEOC v. Kimberly-Clark Corp.,* 511 F.2d 1352 (6th Cir. 1975); *EEOC v. Huttig Sash & Door Co.,* 511 F.2d 453 (5th Cir. 1975).

defendant did comply with the terms of the decree, and the two year period specified in the decree expired on November 5, 1975. However, the docket entries in the case made by the clerk of the district court, a reproduction of which entries we have examined, do not indicate that any formal order of dismissal has ever been entered. The case was "counted off" for statistical purposes in the district clerk's May, 1974 report to the Administrative Office of the United States Courts.

The two year period mentioned in the consent decree had not expired when plaintiff received his right to sue letter, or when he filed his 1975 suit, or when he originally moved in that year for leave to intervene in the older case.

■■■ An application for leave to intervene as of right under Rule 24(a) must be "timely," and the question of whether a given application is timely must be answered in the light of all of the relevant facts and circumstances in the particular case; ultimately the question addresses itself to the judicial discretion of the judge to whom the application is made, and the fact that a judgment has been entered in the case does not necessarily preclude later intervention. *Nevilles v. EEOC*, 511 F.2d 303 (8th Cir. 1975); *Kozak v. Wells*, 278 F.2d 104, 109 (8th Cir. 1960); *see generally* 7A Wright & Miller, Federal Practice & Procedure, Civil, § 1916. However, there is "considerable reluctance on the part of the courts to allow intervention after the action has gone to judgment and a strong showing will be required of the applicant. Motions for intervention after judgment ordinarily fail to meet this exacting standard and are denied." Wright & Miller, *supra* at pp. 579–80.

■■■ In *Nevilles v. EEOC, supra,* a Title VII case, a postjudgment motion of employees for leave to intervene in an action commenced by the Commission was in fact denied. After pointing out that ultimately the question of the timeliness of an application must be decided by the district court in the exercise of its discretion, and that all of the factors in the case should be considered,

the court stated that factors to be taken into consideration include how far the litigation has progressed when intervention is sought, the reason for the delay, and prejudice that other parties will suffer as a result of additional delay. 511 F.2d at 305. To those factors we think may be added the length of the delay, and the prejudice that will result to an opposing party if he is required to defend against a stale claim should leave to intervene be granted. And, we think that it may be conceded that where a late coming would-be intervenor shows lack of actual knowledge of the pendency of the action in question, the party opposing the intervention will be expected to demonstrate, as by a showing of actual prejudice, that leave to intervene should be denied.

The district court denied plaintiff's application on a meager record and on narrow ground. After referring to *Nevilles, supra,* the district court said:

Plaintiff's motion to intervene, filed over twenty-three months after the consent decree was entered, would result in extreme prejudice to the defendant, who relied in good faith on the E.E.O.C.'s representations that plaintiff's and other specific claims were settled in full by the decree.

We do not know what extrajudicial representations, if any, may have been made to the defendant or to its attorneys by EEOC personnel with respect to the effect of the consent decree on individual employee claims, nor do we know to what extent the defendant may have relied on such representations when it agreed to the decree and performed under it.

■■■ It is clear to us that the decree itself did not purport to eliminate the claims of individual employees, including the claim of the plaintiff; all that the decree did was bind the Commission as an agency not to prosecute those claims further if the defendant complied with the Act in the future as required by the decree. The Commission had no right to undertake to cut off the claims of individual employ-

ees or former employees without their knowledge or consent, and we do not think that the Commission purported to do so. While the Commission bound itself, it did not covenant with the defendant that individual employees would not seek leave to intervene in the case during the two year life of the decree or even thereafter. And we do not think that the defendant and its counsel had any right to read such a covenant into the decree. In that connection, we have already noted the fact that when the district court dismissed the suit filed against the defendant by Henry Crump, it recognized Crump's right to seek intervention in the 1973 case, as counsel for the defendant must have known. There was no basis for any justifiable belief on the part of the defendant and its attorneys that other employees claiming to have been aggrieved by past racial discrimination would not come forward to prosecute their personal claims for redress.

Although we do not think that the action of the district court can be sustained by reference to the ground mentioned in that court's memorandum opinion, it does not necessarily follow that the district court should have granted plaintiff's motion or that we should reverse the action of the district court in denying the motion.

In passing upon the motion the district court evidently thought that it was properly before the court for consideration. Assuming arguendo that the district court was correct in that impression, we think that if the relevant factors had been more thoroughly developed from an evidentiary standpoint, the district court might well have been justified in denying intervention, even though that action, taken in connection with the dismissal of plaintiff's own suit, would have left plaintiff without a remedy. But the relevant factors were not sufficiently developed to justify the action of the district court on the record before it.

However, the defendant is confronted with a procedural difficulty which persuades us that the district court's ruling on plaintiff's motion for leave to intervene must be affirmed on this appeal.

■ The plaintiff, although represented by counsel, simply filed his motion in the wrong case. It is a legal anomaly for a person to file in one suit a motion for leave to intervene in an entirely different suit, and that is exactly what happened here.

The motion for leave to intervene in the 1973 case was filed in the 1975 case; according to the records of the district court, it was never filed in the 1973 case. No copy of the order denying the motion was ever filed in the 1973 case, and no notice of appeal was ever filed in that case.

It is unfortunate that this situation has arisen, but we do not feel free to ignore the fact that the situation exists or at liberty within the framework of this appeal to grant relief with respect to it.

Apart from the plaintiff's mistake that has just been described, his predicament is due to the fact that he received no notice of the filing of the 1973 suit, which, in turn, was in all probability due to the Commission's lack of any policy of giving notice to people situated as was the plaintiff in 1973.

■ The right of an individual employee to file a private suit under § 706 or to intervene in an earlier suit filed by the Commission is a statutory right and is subject to all of the conditions that Congress has seen fit to impose upon it. We do not think, however, that Congress intended by its enactment to create a situation in which an individual employee without fault or lack of diligence on his own part might find himself unable either to file his own suit or to intervene in a suit filed by the Commission.

As has been pointed out by counsel for both the plaintiff and the Commission, the interests of that agency in filing, prosecuting or settling a § 706 case are not necessarily identical with the interests of individual employees who have been the victims of invidious discrimination in employment. In achieving the broad social and economic objectives of the Act, the Commission may be more concerned with future compliance with the Act by employers than with redressing employee grievances that have ac-

crued already. And on the other hand, individual employees may well be more interested in being compensated for the wrongs that they may have suffered individually than in future compliance with the Act on the part of employers.

In *Tuft v. McDonnell Douglas Corp.,* 517 F.2d 1301, 1306 (8th Cir. 1975), *cert. denied,* 423 U.S. 1052, 96 S.Ct. 782, 46 L.Ed.2d 641 (1976), we said that while an individual employee has the option to file his own suit under Title VII, when permitted to do so, Congress indicated "that the primary burden of enforcing Title VII rights should rest upon the Commission . . . ." If so, it appears to us that in ordinary fairness the Commission owes some duty to employees to advise them of agency actions which may substantially and perhaps adversely affect their rights, and in that connection to work out and employ an effective notice policy.

The order of the district court is affirmed.