John Henry JONES, Plaintiff-Appellant,

Wanda J. Hardin, Individually and on behalf of All Others Similarly Situated, Plaintiffs,

v.

BELL HELICOPTER COMPANY, a subsidiary division of Textron Inc., a corporation, Defendant-Appellee.

No. 78–2060.

United States Court of Appeals, Fifth Circuit.

April 11, 1980.

Huey P. Mitchell, Fort Worth, Tex., for plaintiff-appellant.

Cadwalader, Wickersham & Taft, Stephen N. Shulman, Mark Ellenberg, Washington, D. C., Brown, Herman, Scott, Deane & Miles, Beale Dean, Fort Worth, Tex., for defendant-appellee.

Before WISDOM, POLITZ and SAM D. JOHNSON, Circuit Judges:

WISDOM, Circuit Judge:

The question in this appeal is whether an individual may bring a private Title VII action, based on the same claim at issue in an earlier action brought by the Equal Employment Opportunity Commission (E.E.O. C.), when the Commission's action is set aside for failure to comply with the Administrative Procedure Act. We answer no.

In 1966 John Henry Jones, a black male, filed three job applications with Bell Helicopter Textron, seeking the position of porter and engineer supporter in Bell Helicopter's Fort Worth plant. He received no employment interview. Believing that he had been denied an interview and a job because of race discrimination, Jones filed a complaint with the E.E.O.C. In 1967 Bell Helicopter offered him the position of "File Clerk A" on the night shift in the Fort Worth plant. He rejected the offer, because it was inferior to the civil service post he then held.

In March 1968 the E.E.O.C. found reasonable cause to process Jone's claim. In 1969 or 1970, the Commission referred the complaint to the Justice Department for prosecution; the E.E.O.C. did not gain the authority to prosecute its own actions until 1972. No further action was taken on Jone's complaint until February 4, 1975, when the E.E.O.C. sent Bell Helicopter several letters that set out the minimum conditions it would accept in conciliation of Jone's complaint along with those of twelve others. There is no explanation in the record for the delay. On September 11, 1975, nine years after Jones filed his complaint, the E.E.O.C. filed suit against Bell Helicopter, seeking relief for Jones and the twelve others. The record does not indicate that the E.E.O.C. ever informed Jones about the

progress of his complaint until suit was filed. He did not seek to intervene in that suit.

The district court dismissed Jone's complaint and four others based on the earliest complaints lodged with the E.E.O.C. The court found that "there was an inordinate delay of 5–7 years between the E.E.O.C.'s determination of cause and the issuance of the conciliation letters" [1] in violation of the Administrative Procedure Act, 5 U.S.C. §§ 706(1), 706(2), and 555(b). *E. E. O. C. v. Bell Helicopter*, N.D.Tex.1976, 426 F.Supp. 785, 792–93.

Jones then requested, and on April 29, 1977 received, a right to sue letter. He filed suit against Bell Helicopter on May 23, 1977. He alleged discrimination in hiring in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, based on his 1966 job applications. The district court dismissed Jone's complaint, holding that the E.E.O.C.'s dismissal was res judicata on the merits of Jone's complaint in the second suit. The result is correct under Fed.R.Civ.P. 41(b).

Rule 41(b) provides that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits". Under Rule 41(b), therefore, the district court's dismissal operated as an adjudication on the merits of Jones' claim.

A recent decision of our Court states the accepted doctrine of res judicata:

> For a prior action to bar an action on the basis of res judicata, the parties must be identical in both suits, the prior judgment must have been rendered by a court of competent jurisdiction, there must have been a final judgment on the merits and the same cause of action must be involved in both cases.

*Kemp v. Birmingham News Co.*, 5 Cir. 1979, 608 F.2d 1049, 1052. Here, the same parties or their privies were present in both suits; the district court in the first suit was of competent jurisdiction; its resolution of the E.E.O.C.'s complaint operates, under Rule 41(b), as an adjudication upon the merits; and Jone's claim is the same claim as that earlier advanced on his behalf.

*Truvillion v. King's Daughters Hospital*, 5 Cir. 1980, 614 F.2d 520, is a different case. There we permitted an individual to bring her own private suit under Title VII after the E.E.O.C.'s suit on the same claim was dismissed for failure to meet procedural prerequisites to suit. The Supreme Court has characterized such procedural dismissals as "jurisdictional" for the purposes of Rule 41(b). *Costello v. United States*, 1961, 365 U.S. 265, 285, 81 S.Ct. 534, 544, 5 L.Ed.2d 551. We held that the Commission's suit did not reach the merits and so did not bar Ms. Truvillion's suit on the same claim. Here the E.E.O.C.'s suit on Jone's behalf was dismissed because the agency's dilatory neglect, in violation of the Administrative Procedure Act, prejudiced the defendant. Now it is fourteen years since the first suit was filed.

---

1. The district court also commented on the delay as follows:

   The delay involved in this case, 5–7 years, is by far the longest delay involved in any case to which this Court has been referred. The only apparent explanation for this delay is administrative lethargy and inertia; the E.E.O.C. has not proffered any other explanation.

   . . . . .

   The Court finds that Defendant Bell has demonstrated that . . . prejudice to the defendant occasioned by the delay . . . is also present. It is to be expected that in the nine years between the filing of the first charge and the bringing of this lawsuit, per-

   sonnel directors have changed, employees familiar with the facts have long since departed, and those individuals still employed by Defendant Bell would have only vague memories of events that transpired 7–9 years prior to the filing of this lawsuit. Moreover, individuals and files of possibly great importance are no longer available to Defendant Bell. The expediency of keeping the employer on notice that ancient charges were still pending before the Commission would have prevented the loss of relevant files and documents, but the E.E.O.C. failed even to pursue this simple procedure. *E.E.O.C. v. Bell Helicopter*, N.D.Tex.1976, 426 F.Supp. 785, 793.

We cannot forbear from pointing out the ineptitude, sloth, and indifference with which the E.E.O.C. processed Jone's complaint. The Commission was designed to protect substantive rights, not shield discrimination in a bureaucratic milieu where enforcement is passed on to the second and third generation. This Commission is no doubt understaffed and overworked. So are many federal agencies. That does not persuade us to accept the E.E.O.C.'s behavior in this case, so contrary to the purposes for which the Commission was designed.

Jones himself was not without fault, for he showed a singular lack of interest in pressing his claim, but he did not deserve to be penalized by the E.E.O.C.'s failure to provide decent governmental process. We AFFIRM the district court's judgment.