**UNITED STATES of America and Robert Sarges, Special Agent of the Internal Revenue Service, Appellees,**

v.

**FIRST FIDELITY BANK OF COLOME, through Bob Scheinost, Executive Vice-President, Gene Carr, Appellant.**

**No. 80-1179.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 9, 1980.

Decided Sept. 11, 1980.

Gene Carr, pro se.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Charles E. Brookhart, Stanley S. Shaw, Jr., Attys., Tax Div., Dept. of Justice, Washington, D. C. and Terry L. Pechota, U. S. Atty., and Dawn Bowen, Asst. U. S. Atty., Pierre, S. D., for appellees.

Before LAY, Chief Judge, and HEANEY and ARNOLD, Circuit Judges.

PER CURIAM.

The United States brought suit in the United States District Court for the District of South Dakota pursuant to 26 U.S.C. §§ 7402(a) and 7604(b) to enforce compliance with an Internal Revenue Service summons issued to respondent First Fidelity Bank of Colome. On January 25, 1980, the district court issued an order directing the respondent bank to appear February 5, 1980, to show cause why it should not comply with the summons, which sought financial records pertaining to the tax liability of taxpayer, Gene Carr. Carr claims that he received notice of the show cause order on February 1, 1980, by letter from the United States Attorney's Office dated January 28, and that by motion mailed February 1, and filed in the district court February 5, 1980, he moved to intervene. By order filed February 28, 1980, which stated it should be deemed to be entered *nunc pro tunc* as of February 5, 1980, the district court denied the motion to intervene on the grounds that the taxpayer's application was not timely, that taxpayer failed to appear at the February 5, 1980, hearing and that he failed to furnish good reason for his nonappearance.

 We hold that the taxpayer had a statutory right to intervene under 26 U.S.C. § 7609(b)(1).[1] The right to intervene is subject to a requirement of timeliness under Rule 24(a) of the Federal Rules of Civil Procedure, and the determination of timeliness of an application to intervene is to be judged by the trial court in the exercise of its sound discretion, *see McClain v. Wagner*

*Elec. Corp.*, 550 F.2d 1115, 1120 (8th Cir. 1977); *Nevilles v. EEOC*, 511 F.2d 303, 305 (8th Cir. 1975). Taxpayer in his reply brief points out that he did not receive notice of the hearing scheduled for February 5, 1980, until February 1, 1980, and that the same day he mailed his motion to intervene. He justified his failure to deliver that motion in person or to attend the hearing without being granted permission to intervene on the ground the District Court in Pierre, South Dakota was approximately 100 miles from his home in Winner, South Dakota, and he could not reasonably be expected to travel that distance without full knowledge that he would be allowed to intervene. Taxpayer also claims his telephone calls to the Clerk, after the hearing and prior to the district court's *nunc pro tunc* order denying him leave to intervene, further indicate his diligence. The record supports taxpayer's claim and we hold that under the circumstances it was an abuse of discretion to deny the taxpayer's motion to intervene and we reverse and remand with directions that the district court allow the taxpayer to intervene.

It is so ordered.

---

1. *See also United States v. Equitable Trust Co.*, 611 F.2d 492, 495 (4th Cir. 1979); *United States v. Schutterle*, 586 F.2d 1201, 1204 (8th Cir. 1978); *United States v. New York Tel. Co.*, 80–1 U.S.T.C. ⸿ 9460, 45 A.F.T.R.2d 80–1424 (E.D.N.Y. Apr. 9, 1980).