697 F.2d 582
 30 Fair Empl.Prac.Cas. 1228,
30 Empl. Prac. Dec. P 33,283
Genevieve S. ADAMS; Louise Bertha; Algerie R. (Kelley)
Brigerman; Anne Brown; Carrie B. Chaffin; Leila B.
Harthanson; Loretta M. Hinkle; Nellie Kern; Martha
McGinn; Bertha Mabray; Anna M. Miller; Dorothy N.
Shawker; Claretha Smith; Lorrayne M. Soethe; Margie
Stover; Shirley S. Sunderland; Ethel Wimpling, Appellants,
v.
The PROCTOR & GAMBLE MANUFACTURING CO., Appellee,
E.E.O.C., Amicus Curiae.
 No. 81-1197.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 5, 1982.
Decided Jan. 17, 1983.
 
 Sidney Blum, Baltimore, Md., for appellants.
 Colleen M. O'Connor, Washington, D.C. (Leroy D. Clark, Gen. Counsel, Philip B. Sklover, Acting Associate Gen. Counsel, Vincent Blackwood, Asst. Gen. Counsel, Washington, D.C., on brief) as amicus curiae.
 John A. McGuinn, Washington, D.C. (Guy Farmer, Farmer, Wells, McGuinn, Flood, Sibal & Bechtel, Washington, D.C., Thomas B. Eastman, Ober, Grimes & Shriver, Baltimore, Md., T.L. Overbey, Legal Dept., The Proctor & Gamble Mfg. Co., Cincinnati, Ohio, on brief), for appellee.
 Before WINTER, Chief Judge, RUSSELL, WIDENER, HALL, PHILLIPS, MURNAGHAN, SPROUSE, ERVIN, CHAPMAN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge, Sitting En Banc.
 PER CURIAM:
 
 
 1
 This case, concerning the preclusive effect upon charging parties of a consent decree in an action brought against an employer by the EEOC, was first heard by a panel of this court. A majority of the panel held there was no preclusive effect, while Senior Judge Haynsworth dissented. Adams v. The Proctor & Gamble Mfg. Co., 678 F.2d 1190 (4th Cir.1982). Thereafter, an order was entered granting rehearing en banc.
 
 
 2
 The question turns upon a proper interpretation of Sec. 706(f)(1) of Title VII, 42 U.S.C.A. Sec. 2000e-5(f)(1), which, insofar as pertinent, provides:
 
 
 3
 (f)(1) If within thirty days after a charge is filed with the Commission ..., the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge .... The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission .... If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge ..., the Commission has not filed a civil action under this section ..., or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved ....
 
 
 4
 In 1976 the EEOC brought an action against Proctor & Gamble alleging employment discrimination. Some two dozen Proctor & Gamble employees had filed charges with the EEOC, but none of them chose to intervene in the EEOC action, though each had an unqualified right to do so under Sec. 706(f)(1). Negotiations between the employer and the EEOC resulted in a settlement of the action by consent decree. Thereafter, the EEOC issued right-to-sue letters to those charging parties who rejected awards under the decree. When sixteen of those Proctor & Gamble workers with right-to-sue letters sued individually, the district court granted the company's motion to dismiss on the ground that the letters were invalid.
 
 
 5
 Substantially for the reasons set forth in Judge Haynsworth's dissenting opinion when the case was before the panel, we hold the district court's dismissal was appropriate. We read Sec. 706(f)(1) in these circumstances to preclude suits by individuals who are charging parties, but who have not intervened in the pending EEOC action in their behalf, once the EEOC action has been concluded by a consent decree.
 
 
 6
 Under Sec. 706(f)(1) right-to-sue letters may be issued by the Commission to charging parties under several different circumstances, but there is no provision for the issuance of such a letter under any circumstance after the EEOC has filed an action on behalf of the charging parties. As noted by the panel dissenter, there must be an exception if the EEOC's action is concluded on technical grounds without a judgment on the merits. In every sense, however, this consent decree was a judgment on the merits, and it awarded benefits which were then available to the charging parties.
 
 
 7
 The statutory scheme is fair and reasonable. A charging party has an unqualified right to intervene in the EEOC's action. If he wishes to participate in settlement negotiations or to have the right to reject any settlement agreement negotiated by the EEOC, he may fully protect himself by intervening. If he does not intervene, it is not unfair to him to conclude that he placed the conduct of the litigation entirely upon the EEOC and expressed a conclusive willingness to be bound by the outcome, whether or not the outcome was negotiated.
 
 
 8
 General Telephone Co. of the Northwest, Inc., v. EEOC, 446 U.S. 318, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980), is not to the contrary. In that case the employer had sought a ruling that the EEOC could not obtain broad class relief without compliance with Federal Rule of Civil Procedure 23. There were only four charging parties in that case, but there were allegations of pervasive discrimination affecting a great many persons. In those circumstances, if the EEOC were required to comply with rule 23, the efficacy of the EEOC's Sec. 706(f)(1) remedy would be substantially impaired. Thus, the Supreme Court observed that it was "unconvinced that it would be consistent with the remedial purpose of the statutes to bind all 'class' members ... by the relief obtained under an EEOC judgment or settlement against the employer." Id. at 333, 100 S.Ct. at 1707-08.
 
 
 9
 The question before the Supreme Court in General Telephone was exclusively related to the effect of a possible judgment upon persons who were not charging parties and who had no right of intervention. The Court's dicta must be read as referable to them and entirely inapplicable to the question of the preclusive effect of a judgment upon charging parties who had not exercised their right of intervention.
 
 
 10
 Our interpretation of Sec. 706(f)(1) is not unprecedented. See e.g., Jones v. Bell Helicopter Co., 614 F.2d 1389 (5th Cir.1980); McClain v. Wagner Electric Corp., 550 F.2d 1115 (8th Cir.1977); Crump v. Wagner Electric Corp., 369 F.Supp. 637 (E.D.Mo.1973). Cf. Truvillion v. King's Daughters Hospital, 614 F.2d 520 (5th Cir.1980).
 
 
 11
 There has been some expression of concern among our dissenting brothers that a charging party may not recognize any reason to intervene in an EEOC action before an undesirable consent decree has been entered, by which time the right to intervene will have been lost. We appreciate their concern, but it cannot change the plain meaning of Sec. 706(f)(1). Moreover, one who wishes to participate in tactical decisions which may substantially affect the outcome of the litigation or in settlement negotiations has reason for early intervention. In this, as in many other situations, one who invokes administrative and judicial machinery in his behalf should have a continuing interest or participation in it. If he does not intervene and leaves it to the EEOC to do whatever seems best to the EEOC for him, he should not be heard to complain of the consequences of his own indifference.
 
 
 12
 The judgment of the district court is affirmed.
 
 
 13
 AFFIRMED.
 
 WIDENER, Circuit Judge, concurring:
 
 14
 I concur in the en banc opinion in this case.
 
 
 15
 I agree with all that it says going to the merits of the question before us.
 
 
 16
 In concurring, however, I note a possible procedural difficulty not yet fully resolved by this court which might change the result of this case. In the case of Arnold v. Eastern Airlines, No. 80-1245, et al, on December 23, 1982 the en banc court entered an order which, temporarily at least, granted rehearing in that case. The vote of that en banc court of course is binding upon us. The vote in that case was 5 for rehearing en banc and 4 against, with one disqualification. After the vote was taken in that case, one of the judges who had voted against rehearing took senior status, further complicating that matter.
 
 
 17
 In the case before us, 5 judges voted for rehearing en banc and 4 voted against, with one disqualification.
 
 
 18
 It is arguable, of course, that rehearing in this case was not properly authorized under 28 U.S.C. Sec. 46(c) as the authorities cited in the Arnold order I have above referred to discuss.
 
 
 19
 I mention these matters in order to bring them to the attention of the parties, and note that they will be briefed and argued in the Arnold v. Eastern Airlines case.
 
 
 20
 Judge PHILLIPS authorizes me to state that he is in agreement as to the procedural part I mention, but not as to the merits of the matters before us as to which he is filing a dissenting opinion.
 
 PHILLIPS, Circuit Judge, dissenting:
 
 21
 I respectfully dissent for the reasons expressed in the superseded panel opinion, 678 F.2d 1190, which held that plaintiffs' individual rights of action were not terminated by the institution of an EEOC action nor precluded by the entry in that action of a consent judgment to which they were not parties and whose terms they had affirmatively rejected. I continue to believe (as presumably does the EEOC, the federal agency charged with enforcing the statutory scheme in issue) that under the circumstances the EEOC was entitled under Sec. 706(f)(1) to issue to these plaintiffs the right-to-sue letters upon which this action was brought and that the underlying rights of action are subsisting ones.
 
 
 22
 With all deference, nothing said in the per curiam opinion of the en banc court dissuades me from the interpretation given the controlling statutory provision by the original panel decision. As the majority opinion notes, those of us in dissent are particularly concerned that the contrary interpretation now reached imposes an utterly unrealistic burden upon Title VII charging parties. Under that interpretation, charging parties are required at their peril, and unaided by the principals, to follow the course of agency-employer conciliation or "settlement" efforts closely enough to protect their individual interests by formal intervention if, following institution of an agency action, those negotiations seem headed toward an unfavorable settlement.
 
 
 23
 There is nothing in the relevant statutory framework that lays upon the EEOC or the employer any obligation to keep charging parties advised of the details of those negotiations; of whether any "settlement" is imminent; of whether any settlement under consideration is to be expressed in a conciliation agreement or in a consent judgment; of the details or even the substance of a "settlement" that has been informally reached and remains only to be formalized by either means; of whether and when an agency action is to be commenced; of the fact that one has been commenced; or of anything else about the course of agency-employer dealings. The formal agency documents on file and a part of the record in this case contain no information along these lines of which charging parties might be held to have constructive notice. On oral argument we were given to understand by counsel for the EEOC, appearing as amicus, that the agency does not consider itself under any obligation and does not routinely keep all charging parties even generally apprised of the course of its conciliation-"settlement" negotiations. Certainly there is no suggestion that in this case--where presumably the normal course of proceedings was followed--these charging party-plaintiffs were ever sufficiently advised along these lines to make an informed decision that they must formally intervene--with the attendant expense--in order to protect their interests against an imminent consent judgment that did not satisfactorily protect them.
 
 
 24
 To the plain difficulty created for charging parties by its interpretation the en banc majority--which commendably concedes the difficulty--has only the meager response that the law after all affords these and comparably situated claimants the same means to protect their interests vis-a-vis agency action in their behalf that it does all persons in whose behalf federal agency action is undertaken. When the practicalities of the real-life situation involving these and comparably situated Title VII charging parties in their relation to EEOC-employer negotiations are frankly recognized, this assessment calls to mind--though with none of its implications of callousness--Anatole France's wry comment about actual as opposed to apparent impartiality of the law's general reach.[1]
 
 
 25
 If to all this it be rejoined that it is not our function to re-write statutes to cure perceived difficulties but simply to apply them according to their plain import, my response remains as it was in the panel majority opinion: that the dispositive statutory provision here is sufficiently ambiguous to require judicial interpretation drawing on the traditional aids. Among those traditional aids--in addition to the legislative history specifically alluded to in the panel opinion, see 678 F.2d at 1193-94--is that ancient and honorable canon of construction that when a literal interpretation ("conciliation" means only "conciliation") would lead to mischievous consequences, legislative intent is properly sought at deeper levels of purpose. See J. Sutherland, Statutes and Statutory Construction Sec. 363 (2d ed. 1904). I continue to believe that in General Telephone Co. of the Northwest, Inc. v. EEOC, 446 U.S. 318, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980), the Supreme Court, by the clearest possible implication, and perhaps drawing sub silentio upon that canon, has already rejected the narrowly literal interpretation of Sec. 706(f)(1) for which Proctor & Gamble has contended and which the en banc majority now adopts. See 678 F.2d at 1194-95 & n. 7. The General Telephone Court's careful discussion of the practical means by which employers entering into Title VII consent judgments with the EEOC may protect themselves against the private claims of employees--including charging parties--who may later reject the agency-employer settlement, see General Telephone, 446 U.S. at 333 & n. 15, 100 S.Ct. at 1708 & n. 15, is sensible only if it assumes that such judgments are not legally binding on those employees and that the employees' private rights of action are not terminated by mere institution of agency actions under Sec. 706.
 
 
 26
 I am authorized to say that Chief Judge WINTER and Judge SPROUSE join in this opinion.
 
 
 
 [1]
 "The law, in its majestic equality, forbids the rich as well as the poor to sleep under bridges, to beg in the streets, and to steal bread." A. France, Le Lys Rouge ch. 7 (1894), quoted in J. Cournos, A Modern Plutarch 27 (1928)