**Nora E. RIDDLE, Plaintiff–Appellant,**

v.

**CERRO WIRE AND CABLE GROUP, INC., Defendant–Appellee.**

No. 89–7343.

United States Court of Appeals, Eleventh Circuit.

June 5, 1990.

---

**7.** We note that Ronald Hayes has requested that we vacate his sentences on all counts and re- mand for resentencing.

Richard J. Ebbinghouse, Gordon, Silberman, Wiggins & Childs, Robert L. Wiggins, Jr., Birmingham, Ala., for plaintiff-appellant.

John A. Wilmer, Bell, Richardson & Sparkman, Huntsville, Ala., for defendant-appellee.

Before JOHNSON and ANDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

ANDERSON, Circuit Judge:

This appeal raises the question whether, in the particular circumstances this case presents, the appellant may bring suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f)(1). For the reasons discussed below, we hold that the the appellant was not precluded by a prior EEOC suit from bringing her private action.

## BACKGROUND

On March 16, 1984, appellant Nora Riddle filed with the Equal Employment Opportunity Commission ("EEOC" or "the Commission") a charge of sex discrimination against her employer, Cerro Wire and Cable Group, Inc. ("Cerro"). The EEOC investigated the charge, and, in December 1986, determined that there was reasonable cause to believe that Cerro had discriminated against Riddle. The EEOC then attempted to conciliate the charge, but this effort was not successful. In December 1987, more than 180 days after Riddle filed her charge, the EEOC filed suit against Cerro, alleging violations of Title VII (i.e., sex discrimination in promotion).[1] Riddle did not intervene as a plaintiff in the suit.

Shortly before trial, the EEOC and Cerro negotiated a settlement agreement. Riddle, unhappy with the terms of the settlement, retained an attorney and sought reassurance from the EEOC. The EEOC responded with a letter dated August 19, 1988, which stated that if Riddle was not fully satisfied with the relief secured for her she should request a right-to-sue letter and institute an individual action against Cerro. The EEOC noted that Riddle would not be bound by the settlement unless she signed a release and thereby received money from Cerro. A copy of this letter was sent to Cerro.

On August 25, 1988, the district court entered a consent decree ending the litigation between the EEOC and Cerro. The next day, August 26, the EEOC issued Riddle a right-to-sue letter. Riddle subsequently filed this action against Cerro within the ninety-day statutory period. Her complaint alleged essentially the same charges that formed the basis of the EEOC's suit against Cerro.[2]

---

1. The complaint reads, "This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices on the basis of sex and to make whole Mrs. Nora E. Riddle. Specifically, the action is brought because Defendant refused to promote Mrs. Riddle to a 'lead' job in its shipping department because of her sex (female)." The complaint sought a permanent injunction enjoining Cerro from engaging in employment practices that discriminate on the basis of sex. The EEOC also asked for a court order requiring Cerro to institute and carry out policies that provide equal employment opportunities for women and that eradicate past unlawful practices. Finally, the complaint sought personal relief for Riddle, including appropriate backpay and rightful-place promotion.

2. Paragraph 7 of Riddle's complaint alleges: "During the plaintiff's employment, the defendant unlawfully discriminated against the plaintiff because of her sex with respect to the following: promotion, pay raises, job assignments, requirements of work, and terms and conditions of employment." Riddle sought relief in the form of a declaratory judgment that Cerro's acts and policies violated Title VII, an injunction enjoining Cerro from continuing to violate Title VII, and personal relief in the form of

The district court granted summary judgment against Riddle. *Riddle v. Cerro Wire and Cable Group,* 709 F.Supp. 1051 (N.D.Ala.1989). The court held that § 706(f)(1) of Title VII provided that the EEOC's suit against Cerro based on Riddle's charge of discrimination would cut off Riddle's right to commence a private action against her employer based on the same charge. The court concluded that Riddle should have exercised her statutory right to intervene in the EEOC suit if she wished to protect her individual rights in that litigation. The court reasoned that Riddle was not unfairly prejudiced by its decision because she was aware of the EEOC suit and was aware of the terms of the settlement prior to entry of the consent decree.

## DISCUSSION

### A) *The Language of the Statute*

■ The resolution of this issue turns on a proper interpretation of § 706(f)(1) of Title VII, 42 U.S.C. § 2000e–5(f)(1), which provides in relevant part:

(f)(1) If within thirty days after a charge is filed with the Commission ..., the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge.... The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission.... If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge ..., the Commission has not filed a civil action under this section ..., or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission ... shall so notify the person aggrieved and within ninety days

after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved....

Courts disagree as to the circumstances under which this provision authorizes an individual to bring a private suit against her employer. At least one court has read the requirements of the provision in the disjunctive: the individual is entitled to a right-to-sue letter if the Commission dismisses the charge, *or* if within 180 days after the charge is filed the Commission has not filed suit against the employer, *or* if the Commission has not entered into a conciliation agreement to which the individual is a party. *See Adams v. Proctor & Gamble Manufacturing Co.,* 678 F.2d 1190, 1192–93 (4th Cir.1982) (overruled by *Adams v. Proctor & Gamble Manufacturing Co.,* 697 F.2d 582 (4th Cir.1983) (en banc)). This appears to be the interpretation of the statute that the EEOC itself follows, as evidenced by the EEOC's actions in this case and other cases, including *Adams.*

Other courts, however, have interpreted § 706(f)(1) to state the conditions for a private right of action in the conjunctive: the individual is entitled to a right-to-sue letter if the Commission dismisses the charge, *or* if within 180 days of the time the charge is filed (1) the Commission has not filed suit against the employer *and* (2) the Commission has not entered into a conciliation agreement to which the individual who filed the charge is a party. In other words, if within 180 days of the time the charge was filed the Commission has either brought suit or entered into a conciliation agreement to which the charging individual is a party, then the individual's private right of action is cut off. *See Adams v. Proctor & Gamble Manufacturing Co.,* 697 F.2d 582, 583 (4th Cir.1983) (en banc); *McClain v. Wagner Electric Corp.,* 550 F.2d 1115, 1119 (8th Cir.1977).[3]

backpay, damages, lost seniority, lost pension, and fringe benefit credits.

**3.** An illustration of the different interpretations of the statute is provided by the panel decision in the *Adams* case and the en banc decision in

the same case. In *Adams,* the Commission filed suit on behalf of more than two dozen employees within 180 days of the time the discrimination charges were filed. None of the employees intervened in the suit, and eventually settlement negotiations between the employer and the

To resolve the issue before us, we need not reach the question of whether § 706(f)(1) should be read in the conjunctive or the disjunctive. Under either interpretation of the statute, Riddle was entitled to a right-to-sue letter. The EEOC did, in fact, file suit against Cerro, but *the suit was not brought within 180 days* of the time Riddle filed her charge against Cerro. Thus, the "failure to file suit within 180 days" condition was met. In addition, the EEOC did not at any time enter into a conciliation agreement with Cerro to which Riddle was a party. Therefore, that condition was also met. Under the plain terms of the statute, therefore, the EEOC was obligated to notify Riddle of her right to sue Cerro.[4] Because the circumstances in this case satisfy both conditions, i.e., the EEOC neither filed suit nor entered into a conciliation agreement within 180 days, we need not address the relative merits of disjunctive versus conjunctive interpretation of the statute, which has been debated in other courts.

B) *Res Judicata*

▇ Cerro contends that Riddle's suit is barred by the doctrine of res judicata, or claim preclusion, because the claims raised by Riddle have already been adjudicated and resolved in the EEOC action brought against Cerro on Riddle's behalf. In other words, Cerro argues that Riddle is bound by the consent decree issued in the prior litigation.

This circuit has recognized that the same principles of res judicata that govern ordinary judgments also apply to consent decrees. *See In re Birmingham Reverse Discrimination Employment Litigation*, 833 F.2d 1492, 1498 (11th Cir.1987) (aff'd by *Martin v. Wilks*, —— U.S. ——, 109 S.Ct. 2180, 104 L.Ed.2d 835 (1989)). For Riddle to be bound by the consent decree negotiated by the EEOC and Cerro, she must either have been a party to the decree or have had sufficient identity of interests with a party so that she may be treated as a party for preclusion purposes. *Id.* at 1499. "Even if a consent decree purports to affect the rights of third parties, those parties are not bound by the terms of the decree unless their interests were adequately represented by a party to the decree." *Id.* at 1498. *See also Martin v. Wilks*, —— U.S. ——, 109 S.Ct. 2180, 104

Commission resulted in a consent decree. The EEOC took the position that the charging parties were only potential witnesses in the agency action, and therefore the decree would not cut off individual rights of action. The agency issued right-to-sue letters to those employees who did not accept awards under the consent decree. Several employees subsequently brought suit.

Because the EEOC filed suit within 180 days, the "failure to file suit within 180 days" condition could not be used as a basis for granting the employees right-to-sue letters. However, the panel found that the settlement agreement and the subsequent consent decree terminating the litigation between the EEOC and the employer was a "conciliation agreement" within the meaning of the statute. The panel further found that the individual employees who had filed the original EEOC charges were not parties to the decree because they had not intervened in the lawsuit and had not accepted the monetary award provided for by the settlement. Applying a disjunctive interpretation of the statute, the panel held that since the Commission had entered into a conciliation agreement (the consent decree) to which the charging individuals were not parties, the third statutory circumstance allowing for a private right of action was met.

The Fourth Circuit, sitting en banc, overruled the panel decision in *Adams*. The circuit applied a conjunctive interpretation to the statute, holding that where the EEOC brought suit on a charge within 180 days of the time the charge was filed, the individual could not bring a private action against the employer.

4. It is worth noting that this precise issue, framed in this way, has not previously been addressed by the courts. The Eighth Circuit, in *McClain v. Wagner Electric Corp.*, 550 F.2d 1115, 1119 (8th Cir.1977), held that § 706(f)(1) did not allow an individual plaintiff to maintain a private action against his employer when the EEOC had previously instituted a suit against the employer based on the individual's charge of discrimination. The facts of *McClain* show that the EEOC suit was brought long after 180 days had passed from the time the individual filed his charge with the EEOC, but the *McClain* court did not explicitly reconcile this fact with the terms of the statute. We conclude that, to the extent the Eighth Circuit's reading of § 706(f)(1) would preclude an individual right of action when the EEOC has failed to bring suit within 180 days of the time the individual filed his charge and has failed to enter into a conciliation agreement to which the individual is a party, such interpretation is not supported by the plain language of the statute.

L.Ed.2d 835 (1989) (holding that plaintiff was not bound by a consent decree negotiated between the employer and another group of employees); We note at the outset of this discussion that it is a question of law whether sufficient identity of interests exists between Riddle and the EEOC to warrant application of res judicata. *NAACP v. Hunt,* 891 F.2d 1555, 1561 (11th Cir.1990).

Cerro contends that although Riddle was not a party to the consent decree, she had sufficient identity of interests with the EEOC to be treated as a party. Cerro points out that the EEOC's suit against Cerro was based solely on Riddle's charge of discrimination; it did not involve a class of employees or an allegation of pattern and practice discrimination. The EEOC's complaint sought specific relief for Riddle in the form of backpay and promotion. The consent decree, in addition to requiring Cerro to take steps to ensure nondiscriminatory treatment of all women employees, specifically provided personal relief for Riddle:

> 4. Upon receipt of a signed *Release* form ... executed by Mrs. Nora Elaine Riddle, Cerro will remit to the EEOC a check in the amount of ONE THOUSAND and FIVE HUNDRED DOLLARS ($1,500.00) made out to her. Upon receipt of Cerro's check made out to Mrs. Riddle, the EEOC will promptly disburse said money to her.[2]

> 2 In the event that Mrs. Riddle refuses to sign said *Release,* no monies shall be paid to her.

Cerro argues that these facts demonstrate that the EEOC actually represented Riddle in its action against Cerro, and that the Commission vigorously prosecuted the case on Riddle's behalf. Moreover, Riddle had a statutory right to intervene in the EEOC's suit, had she been dissatisfied with the EEOC's handling of the case.

We are not persuaded by Cerro's arguments. The facts of this case indicate that Riddle and the EEOC did not have the same interests in pursuing litigation against Cerro. The United States Supreme Court's analysis of the relationship between the EEOC and the charging individual as described in *General Telephone Company of the Northwest, Inc. v. EEOC,* 446 U.S. 318, 326, 100 S.Ct. 1698, 1704, 64 L.Ed.2d 319 (1980), is instructive:

> Under § 706(f)(1), the aggrieved person may bring his own action at the expiration of the 180–day period of exclusive EEOC administrative jurisdiction if the agency has failed to move the case along to the party's satisfaction, has reached a determination not to sue, or has reached a conciliation or settlement agreement with the respondent that the party finds unsatisfactory. The aggrieved person may also intervene in the EEOC's enforcement action. These private-action rights suggest that the EEOC is not merely a proxy for the victims of discrimination and that the EEOC's enforcement suits should not be considered representative actions subject to Rule 23. Although the EEOC can secure specific relief, such as hiring or reinstatement, constructive seniority, or damages for backpay or benefits denied, on behalf of discrimination victims, the agency is guided by "the overriding public interest in equal employment opportunity ... asserted through direct Federal enforcement." 118 Cong.Rec. 4941 (1972). When the EEOC acts, albeit at the behest of and for the benefit of specific individuals, it acts also to vindicate the public interest in preventing employment discrimination.

The Court's analysis of the relationship between the EEOC and an individual victim of discrimination indicates that the interests of the two parties are not always identical. The EEOC is primarily interested in securing equal employment opportunity in the workplace. That interest is often most completely advanced through conciliation agreements or consent decrees

of the kind involved in this case, where the employer agrees to take broad remedial steps to eradicate discrimination. The aggrieved individual, on the other hand, is primarily interested in securing specific personal relief of the kind Riddle is seeking in her private action against Cerro. The differing interests of the EEOC and of the aggrieved individual are not necessarily compatible.

In this case, Riddle made clear to the EEOC and Cerro before the consent decree was finalized that she was dissatisfied with the Commission's handling of her interests. Riddle's interests and those of the EEOC diverged at that point. The EEOC acknowledged that fact when it informed Riddle that she was not bound by the EEOC's resolution of the matter but was free to institute a private action against Cerro. Riddle did not, in fact, accept the terms of the consent decree; she did not sign a release, and she did not receive any money from Cerro. We conclude, based on these circumstances, that Cerro is not entitled to summary judgment because it has not demonstrated that Riddle and the EEOC were in privity.[5] Cerro has not demonstrated that Riddle was precluded by res judicata from bringing this action against Cerro.[6]

## CONCLUSION

Because the EEOC was authorized to issue the right-to-sue letter in this case, the district court erred in dismissing the claims based on a contrary conclusion. The judgment of the district court is therefore reversed and the action remanded for further proceedings consistent with the opinion.

REVERSED AND REMANDED.

---

**5.** We express no opinion whether another case might present facts sufficient to demonstrate an identity of interests and privity between the aggrieved individual and the EEOC. We hold only that here, where there was a clear divergence of interests, Cerro has not shown that Riddle and the EEOC were in privity.

**6.** We are not persuaded by Cerro's argument that *Jones v. Bell Helicopter Co.*, 614 F.2d 1389 (5th Cir.1980), controls on this issue. In *Jones* the Fifth Circuit held that the individual's private Title VII action, based on the same claim at issue in an earlier action brought by the EEOC, was barred by the resolution of the earlier EEOC action. The court held without comment that the individual was a party to the earlier EEOC action or was in privity with the EEOC, and therefore res judicata applied.

*Jones* does not control in this case because *Jones*, unlike the present case, did not involve a clear divergence of interests between the Commission and the aggrieved individual. Where, as here, the facts clearly demonstrate that the EEOC and the aggrieved individual have developed conflicting interests, the individual cannot be held to be in privity with the EEOC for the purpose of preclusion. Moreover, the *Jones* case did not take into account the Supreme Court's analysis of the relationship between the EEOC and the aggrieved individual, explained in *General Telephone*. The Court indicated in *General Telephone* that the interests of the EEOC and of the individual may be divergent; the Court's analysis undercuts any attempt to expand the *Jones* holding to support a proposition that the aggrieved individual and the EEOC are *always* in privity.