16 F.3d 409
 65 Fair Empl.Prac.Cas. (BNA) 1888
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Evelyn M. FRANCIS, Plaintiff-Appellant,
v.
AMERICAN TELEPHONE & TELEGRAPH COMPANY, Defendant-Appellee.
 No. 93-2148.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 30, 1993.
Decided Jan. 19, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Hiram H. Ward, Senior District Judge. (CA-92-293-2)
 Romallus O. Murphy, Greensboro, NC, for appellant.
 M. Daniel McGinn, William P. H. Cary, Brooks, Pierce, Mclendon, Humphrey & Leonard, L.L.P., Greensboro, NC, for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Evelyn M. Francis appeals from the district court's dismissal, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), of her Title VII, 42 U.S.C. Sec. 2000e-3 (1988), complaint. Finding no error, we affirm.
 
 
 2
 Upon finding reasonable cause to support Francis' allegations of retaliatory demotion and poor performance appraisals by her employer, American Telephone & Telegraph Company ("AT & T"), the Equal Employment Opportunity Commission ("EEOC") brought suit against AT & T on behalf of Francis. The EEOC and AT & T eventually reached a settlement, and the case was dismissed with prejudice by consent decree. Francis refused to participate in the settlement negotiations and never sought to intervene in those proceedings. Her subsequent attempt to pursue these same claims in a separate lawsuit resulted in the dismissal appealed herein.
 
 
 3
 Francis concedes that this case is controlled by an earlier in banc decision of this Court: "We read Sec. 706(f)(1) [of Title VII, 42 U.S.C. Sec. 2000e-5(f)(1) (1988),] in these circumstances to preclude suits by individuals who are charging parties, but who have not intervened in the pending EEOC action in their behalf, once the EEOC action has been concluded by a consent decree." Adams v. Proctor & Gamble Mfg. Co., 697 F.2d 582, 583 (4th Cir.1983) (in banc), cert. denied, 465 U.S. 1041 (1984). However, Francis requests reversal of that decision.
 
 
 4
 Because this panel cannot overrule the decision of a prior panel in this Circuit, Brubaker v. Richmond, 943 F.2d 1363, 1381-82 (4th Cir.1991), or an in banc rehearing by this Court, see Ross v. Reed, 704 F.2d 705, 707 (4th Cir.1983), aff'd, 468 U.S. 1 (1984), we must refuse Francis' request. Moreover, contrary to Francis' contention, the Eleventh Circuit's decision in Riddle v. Cerro Wire & Cable Group, Inc., 902 F.2d 918 (11th Cir.1990), neither repudiates nor warrants reversal of Adams. Hence, we find the district court properly relied on Adams as grounds for dismissing Francisn' action, and affirm that result. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.