**Ruth STUART et al., Plaintiffs,**
**and**
**Equal Employment Opportunity Commission, Plaintiff-Intervenor,**

**v.**

**HEWLETT–PACKARD COMPANY,**
**Defendant.**

**Civ. A. No. 4–70152.**

United States District Court,
E. D. Michigan, S. D.

Feb. 6, 1975.

---

74

Eileen Nowikowski, Fieger, Golden & Cousens, Southfield, Mich., Nan Aron, Trial Atty., Equal Employment Opp. Comm., Washington, D.C., for plaintiffs.

John Corbett O'Meara, Dickinson, Wright, McKean & Cudlip, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This is a sex discrimination case. Plaintiff Ruth Stuart filed a charge of discrimination against defendant Hewlett-Packard Company ("Company") with the Equal Employment Opportunity Commission ("EEOC") and later received a right-to-sue letter. On August 3, 1973, plaintiff Stuart filed a complaint in this court against the defendant Company on behalf of herself and a class of persons consisting of all past, present and future female employees of the defendant Company in its various facilities throughout the United States. Shortly thereafter, the parties stipulated to the filing of an amended complaint in which plaintiffs Esther Castleberry and Kathleen Olsson were added as parties. The plaintiffs' amended complaint alleged the defendant Company discriminated against the plaintiffs and the class because of their sex in hiring, recruitment, job assignments, promotions, wages, terms and conditions of employment, and constructive demotion at the Company's facilities. The plaintiffs sought damages and declaratory and injunctive relief.

On August 16, 1974, the EEOC filed a motion to intervene and a proposed complaint, under *inter alia*, 42 U.S.C. §§ 2000e–4(g)(6) and 2000e–5(f)(1).[1]

On September 16, 1974, the court granted the EEOC's motion to intervene and, under Fed.R.Civ.P. 23(c)(1), conditionally declined to certify the class action brought by plaintiffs Stuart, Castleberry and Olsson. The court also ruled at that time that the action would proceed on the basis of the EEOC's complaint for the claims of all women with respect to declaratory and injunctive relief, and on the basis of the named plaintiffs' complaint for the individual relief they requested.

The defendant Company has now filed a motion to dismiss the complaint of plaintiff-intervenor EEOC. Stripped of verbiage, the Company contends in its present motion: (1) that the EEOC has no independent cause of action and should not, therefore, be permitted to intervene in this case; (2) the EEOC's complaint improperly seeks to expand or modify the matters placed at issue by the original named plaintiffs, which matters are, in turn, limited to the issues within the jurisdictional scope of the administrative complaint filed with the EEOC by plaintiff Stuart; and (3) even if the EEOC may intervene and file a complaint that does not expand or modify the complaint of the original named plaintiffs, this intervention does not allow the EEOC to pursue a cause of action beyond the representative capacity of the original named plaintifs.

The defendant's contention that the EEOC does not have an independent cause of action and should not be permitted to intervene is without merit. The EEOC filed its motion to intervene under Fed.R.Civ.P. 24(b)(1), which provides:

"(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action:

(1) when a statute of the United States confers a conditional right to intervene; . . . ."

---

1. 42 U.S.C. § 2000e–4(g)(6) provides:
    "(g) The Commission shall have power—
    (6) to intervene in a civil action brought under section 2000e–5 of this title by an aggrieved party against a respondent other than a government, governmental agency or political subdivision."

42 U.S.C. § 2000e–5(f)(1) provides in pertinent part:
    "(1) . . . Upon timely application, the court may, in its discretion, permit the Commission . . . to intervene in such civil action upon certification that the case is of general public importance."

42 U.S.C. § 2000e–5(f)(1), *supra* allows the court to permit intervention by the EEOC upon certification by the Commission that the case is of general public importance. It is clear from a reading of Fed.R.Civ.P. 24(b)(1) and 42 U.S.C. § 2000e–5(f)(1) that Congress has obviated the need for the Commission to establish an independent jurisdictional base by satisfying any of the jurisdictional prerequisites which might be required if the EEOC were seeking to initiate the action, instead of to merely intervene. *See,* 3B J. Moore, Federal Practice ¶ 24.18[1] at 24–751.

■ The defendant's second contention; that the EEOC's complaint improperly seeks to expand or modify the matters placed at issue by the original named plaintiffs, is also without merit. Since the court has previously decided, in ruling on the defendant's various motions to dismiss on September 16, 1974, that a cause of action under Title VII is appropriate in this case based on the administrative charge, and later complaint, filed by plaintiff Stuart, the crux of the defendant's present contention is whether the EEOC complaint merely modifies or expands the complaint of the original named plaintiffs. A reading of the original named plaintiffs' amended complaint and the complaint submitted by the EEOC, however, discloses no modification or expansion of the former complaint by the latter. Although the phrasing of the two complaints differs, each alleges discrimination by the defendant Company with respect to hiring, recruitment, job assignments, promotions, wages, terms and conditions of employment, and constructive demotion at the Company's facilities. The allegations contained in the EEOC's complaint are no broader than the allegations in the complaint of the original named plaintiffs which, in turn, were within the jurisdictional scope of the administrative charge filed by plaintiff Stuart with the EEOC and resulted in the issuance of a right-to-sue letter and subsequent filing of the original complaint in this action. Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970); Tipler v. E. I. duPont deNemours and Co., 443 F.2d 125 (6th Cir. 1971). The court perceives the real issue in this motion to be the one contained in defendant's third contention, which is: whether the EEOC may, by permissive intervention, file a complaint which does not expand or modify the allegations of the complaint of the original parties but, in effect, allows the EEOC to pursue a cause of action beyond the representative capacity of the original named plaintiffs?

In granting the EEOC's motion to intervene on September 16, 1974, the court stated in its oral opinion:

"The complaint filed by the EEOC in this case contains a broad allegation of discrimination. By the action of allowing intervention, the matter has come in effect . . . a type of class action for the injunctive or declaratory relief requested by the EEOC covering all areas of discrimination alleged by the plaintiff.

"Class actions filed by individual persons to represent a class are but one method of protecting the rights and interests of many other persons scattered throughout the United States, and class actions are not necessarily the best methods of protecting these interests.

"The class action is a cumbersome suit. It's an expensive suit . . . and at times judges . . . lawyers and persons interested in . . . administration worry about the effectiveness of the representation that may exist.

"The intervention of the very agency designed to protect the interests asserted by the plaintiffs in this case seems to the court to be a much preferred method of procedure. The EEOC can represent the many women scattered throughout the United

States. They do not have to rely on . . . individual women who have asserted grievances against the defendant and who now assert an interest and desire to represent the class." Tr. 7–8.

■ The intent of the court's oral opinion of September 16, 1974 was clear: when the EEOC is allowed to properly intervene in a suit already being pursued, but not yet certified, as a class action for damages, declaratory or injunctive relief, if a court feels, under the particular circumstances of the case, that it is more desirable for the EEOC to press for injunctive or declaratory relief and to allow the named plaintiffs to press for their individual damages, the EEOC should be allowed to step into the shoes of the previously alleged class of plaintiffs. This procedure merely switches the vehicle for eradication of alleged discrimination from the class action mechanism to the agency mechanism with respect to injunctive or declaratory relief. This procedure is desirable not only for the reasons stated in the court's oral opinion on September 16, 1974, but also for two additional reasons. First, this procedure implements the desire of Congress, as expressed in the legislative history of Title VII of the Civil Rights Act of 1964, which authorized "the establishment of a Federal Equal Employment Opportunity Commission and delegates to it the primary responsibility for preventing and eliminating unlawful employment practices." H.R.Rep.No.914, 88th Cong. 2d Sess. (1964) ; 2 U.S.Code Cong. & Admin.News

1964 at p. 2401. At the time of the creation of the EEOC in 1964 little authority was given to the Commission to carry out its mandate of preventing and eliminating unlawful employment practices. Subsequent legislation, however, has attempted to bolster the EEOC with the necessary authority to achieve its desired goals. *See,* 42 U.S.C. §§ 2000e–2, e–3, e–5(f), and e–6. Since the EEOC is the only governmental agency with this mandate from Congress, it should be given the opportunity, when appropriate, to exercise its authority in this area.

The second reason for implementing this type of procedure springs not from the role of the EEOC in this type of litigation, but from the alternative method by which the original plaintiffs sought to proceed, through a nation-wide class action.

■ The use of a class action is best served when initially viewed as a device to be used only in extraordinary circumstances. Fed.R.Civ.P. 23 was drafted with the recognition that only certain types of cases were amenable to a class action and that the vast majority of cases would not be amenable to a class action. Even after the threshold determination is made that a class action is an appropriate device, the inquiry should proceed to determine if, under the circumstances, it is the most appropriate device.

■ ■ A class action may present severe problems of "manageability" which may make the pursuit of a remedy by the class action vehicle impractical.[2] When a party representing the public

---

2. An examination of Eisen v. Carlisle & Jacquelin, 41 F.R.D. 147 (S.D.N.Y.1966) (*Eisen* I) ; 391 F.2d 555 (2d Cir. 1968) (*Eisen* II) ; 479 F.2d 1005 (2d Cir. 1973) (*Eisen* III) ; 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) (*Eisen* IV), and its peregrination through the Federal courts, displays the munificent problems of manageability that confront class actions, and prompted Judge Medina in *Eisen* III to state:

"Another possibility, suggested by the Report and Recommendations of the Special

Committee of the American College of Trial Lawyers, is a further amendment to amended Rule 23 consisting of a new subdivision providing:

'In an action commenced pursuant to subdivision (b)(3), the court shall consider whether justice in the action would be more effectively served by maintenance of the action as a class action pursuant to subdivision (b)(2) in lieu of (b)(3).'" 479 F.2d at 1019–1020.

interest, such as the EEOC in this case, has been allowed to intervene on the basis of its statutory authority the court should look to that party, with its expertise and resources, as a viable alternative to coping with the "manageability" problems inherent in the class action vehicle. This can be accomplished by letting the EEOC assume the duties of the purported class representatives and pursue any declaratory or injunctive remedy. This procedure, therefore, allows the EEOC, when it has entered a case by permissive intervention and filed a complaint which does not expand or modify the allegations of the complaint of the original parties, to pursue a cause of action beyond the representative capacity of the original named plaintiffs. Since the EEOC represents the public interest it should be allowed to pursue its injunctive or declaratory remedies, or both, unimpeded by whatever strictures may have hindered the original named plaintiffs in their purported representative capacity under Fed.R.Civ.P. 23.

The defendant's motion to dismiss the complaint of plaintiff-intervenor EEOC is denied.

So ordered.