506 F.Supp. 480 (1981)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,
v.
The INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS (I.B. E.W.) and its Local 103, Defendants.
Civ. A. No. 77-3675-G.
United States District Court, D. Massachusetts.
January 20, 1981.
*481 Lanier E. Williams, E.E.O.C. Philadelphia Regional Office, Philadelphia, Pa., for plaintiff.
Elihu I. Leifer, Terry R. Yellig, Sherman, Dunn, Cohen & Leifer, Washington, D. C., for defendants.
Wallace W. Sherwood, Boston, Mass., for Carl Goodman.
John P. Flynn, Murphy, Lamere & Murphy, Braintree, Mass., for Local 103.
GARRITY, District Judge.
This Title VII suit was brought by the Equal Employment Opportunity Commission ("EEOC") against the International Brotherhood of Electrical Workers ("International") and its Local 103 for redress of alleged retaliatory actions prohibited by section 704(a), 42 U.S.C. § 2000e-3(a). Carl Goodman, the charging party, intervened of right under 42 U.S.C. § 2000e-5(f)(1) and Fed.R.Civ.P. 24(a), filing his own complaint against Local 103 and the International on November 9, 1978. On August 7, 1978, the defendant International moved for summary judgment against the EEOC. We granted International's motion, and found in our memorandum dated September 13, 1979, that the EEOC had failed to comply with the jurisdictional prerequisites to suit set forth in 42 U.S.C. § 2000e-5, as a result of, inter alia, its failure to attempt conciliation with the International.
Thereafter, on August 1, 1980, the EEOC moved for summary judgment against Local 103, and was joined in that motion by plaintiff Goodman on October 7, 1980. The International appeared at the hearing held October 20, 1980 on the plaintiffs' joint motion in order to oppose the requested injunctive relief against Local 103, viz., that Local 103 amend provisions of the International's constitution claimed to be per se violations of Title VII. At this hearing, the EEOC argued that such relief against the International could be obtained because intervenor Goodman's suit against the International has not been dismissed.[1] We requested the parties to brief the issue of the court's jurisdiction over intervenor Goodman's action against the International in view of the dismissal of the EEOC's claim. Though no formal motion was filed, we treat the International's brief dated October 30, 1980 as its motion to dismiss intervenor Goodman's claim for lack of jurisdiction under Fed.R.Civ.P. 12(b)(1). We hold, for the reasons given below, that this court has subject matter jurisdiction over Goodman's claim against the International and deny International's constructive motion to dismiss Goodman's claim against it for lack of jurisdiction. EEOC's and Goodman's motion for summary judgment against Local 103 is also denied.

I. Jurisdiction over Intervenor Goodman's Complaint Against the International

Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1), sets out the jurisdictional *482 prerequisites for actions brought by private individuals. This section provides that
[i]f within thirty days after a charge is filed with the Commission ... the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge .... The person aggrieved shall have the right to intervene in a civil action brought by the Commission .... If a charge is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge ... the Commission has not filed a civil action under this section ... the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ... by the person claiming to be aggrieved .... (Emphasis supplied.)
Thus, Goodman was entitled to intervene in the EEOC's suit as a matter of right under this section and under Fed.R.Civ.P. 24(a)(1). United States v. Allegheny-Ludlum Indus., Inc., N.D.Ala., 1974, 63 F.R.D. 1, aff'd 5 Cir., 1975, 517 F.2d 826, cert. denied, 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187. Section 706(f)(1) does not require Goodman, the charging party, to obtain a "Right to Sue" letter from the EEOC as a precondition to filing a complaint in intervention.
The International argues, however, that if the EEOC's complaint is dismissed for its failure to comply with the jurisdictional preconditions to suit set forth in § 706, then the intervenor's complaint must be dismissed as well. It contends that the intervenor must establish an independent ground of jurisdiction under § 706 by obtaining a "Right to Sue" letter from the EEOC. This argument gains force from the fact that the EEOC could still bring suit against the International because dismissal on the basis of failure to comply with jurisdictional prerequisites to suit under § 706(f)(1) is not a judgment on the merits of the claim. Truvillion v. King's Daughters Hospital, 5 Cir., 1980, 614 F.2d 520, 525. Therefore, in order to avoid the duplication of lawsuits and to leave primary responsibility for the enforcement of Title VII with the EEOC, which are the twin goals of § 706(f)(1), the International concludes that the intervenor's claim must be dismissed so that the EEOC may choose to bring suit itself or to permit the intervenor to bring the claim by issuing a "Right to Sue" letter. We appreciate this argument, but disagree.
The provisions of § 706(f)(1) are not dispositive, at least directly. "Right to Sue" letters are required only under conditions that are contrary to the facts of this case, i. e., when a charge has been dismissed by the Commission or the Commission has not filed a civil action.[2] The question becomes whether, despite the intervention of the claimant, for which no independent ground of federal jurisdiction is required, United States v. Local 638, S.D.N.Y., 1972, 347 F.Supp. 164, 165, the Commission shall have the same control over the dispute as it did before commencing suit. Although we have found no decision on the point by the Court of Appeals for this circuit, "the weight of authority in the United States Courts of Appeals supports the principle that an intervenor can continue to litigate after dismissal of the party who originated the action." United States Steel Corp. v. EPA, 3 Cir., 1979, 614 F.2d 843, 845. For the reasons of purpose and policy explained below, we believe that this general principle is applicable to the case at bar.
The purpose of the requirement of a "Right to Sue" letter is to place primary responsibility for enforcement of Title VII with the EEOC by precluding interference with EEOC conciliation efforts resulting from the initiation of suits by charging *483 parties. See H.R.Rep. No. 93-238, 92nd Cong., 2d Sess. reprinted in [1972] U.S.Code Cong. & Ad.News, pp. 2137, 2147-48. However, "[t]he primary concern [of § 706] must be protection of the aggrieved person's option to seek a prompt remedy in the best manner available." Id. at 2148. If the EEOC has initiated suit, as it has in this case, no Right to Sue letter is required for a charging party to intervene, there being no possibility of interference with EEOC conciliation or enforcement efforts. The issuance of a Right to Sue letter or the initiation of suit by the EEOC itself further notifies the defendant and the charging party that the EEOC has already determined that the issues raised by the charge must be resolved in a judicial forum. In accordance with § 706's purpose of avoiding duplicative suits, these events trigger alternative burdens on the charging party to assert his claims. When the EEOC has initiated suit, the charging party, Goodman, must intervene in the EEOC action to protect his rights in the litigation. McClain v. Wagner Elec. Co., 8 Cir., 1977, 550 F.2d 1115, 1119. And, when the EEOC issues a Right to Sue letter, the charging party must bring an action within ninety days of its receipt. 42 U.S.C. § 2000e-5(f)(1). Once the EEOC has taken one of these two actions, the aggrieved individual risks losing the right to litigate his claim by failing to intervene or file suit.
We do not believe that § 706(f)(1) requires Goodman both to intervene, and then, if the EEOC's suit is dismissed, await a second EEOC suit or the issuance of a "Right to Sue" letter. Such a construction of § 706 would "erect a needless procedural barrier" to the litigation of Goodman's Title VII grievances. Gamble v. Birmingham Southern R.R., 5 Cir., 1975, 514 F.2d 678, 689 n. 6, and would frustrate Congress' expectation that "the private right of action ... under [§ 706] provides the aggrieved party a means by which he may be able to escape from the administrative quagmire which occasionally surrounds a case ...." H.R.Rep. No. 93-238, 92nd Cong., 2d Sess., reprinted in [1972] U.S.Code Cong. & Ad. News pp. 2137, 2147-48. First, the EEOC's failure to attempt conciliation does not bar a private plaintiff's suit under Title VII. Gamble, supra at 688; EEOC v. Sherwood Medical Indus., M.D. Fla., 1978, 452 F.Supp. 678, 681-82. Furthermore, retaining jurisdiction of Goodman's suit is unlikely to prejudice EEOC conciliation efforts, since the EEOC has already brought suit against the defendant. The EEOC may also petition for permissive intervention in Goodman's action under § 706(f)(1). This petition might under some circumstances be permitted even though the EEOC's suit has been dismissed for failure to show the jurisdictional prerequisites for its own suit. Stuart v. Hewlett-Packard Co., E.D.Mich., 1975, 66 F.R.D. 73, 76. Permissive intervention will not be allowed, however, when to do so would merely permit the EEOC to circumvent the jurisdictional prerequisites of § 706. Accordingly, we find that § 706(f)(1) grants this court jurisdiction over intervenor Goodman's claim against the International even though the EEOC's suit has been dismissed for jurisdictional defects and the intervenor has not obtained a Right to Sue letter.

II. Summary Judgment Against Local 103

The EEOC and intervenor Goodman are not entitled to summary judgment against Local 103 under Fed.Rule Civ.P. 56 unless they meet their burden of "affirmatively demonstrating that there is no genuine issue of fact on every relevant issue raised by the pleadings." Mack v. Cape Elizabeth School Bd., 1 Cir., 1977, 553 F.2d 720, 722. Plaintiffs here seek summary judgment against Local 103 for its alleged unlawful retaliation against Goodman in contravention of § 704(a), 42 U.S.C. § 2000e-3(a). The motion states that it "is based upon the pleadings, affidavits, and other evidence contained in the record." However, plaintiffs have filed no affidavits, nor do the pleadings reveal any uncontroverted material facts. The plaintiffs principally rely upon an unverified copy of the "Minutes of Trial Board" recorded sometime after the Local's disciplinary hearing for plaintiff Goodman on December 5, 1974. Our concern is that these minutes do not affirmatively show that there is no dispute that the cause of Goodman's conviction and *484 fine was his filing of a charge with the Massachusetts Commission Against Discrimination (MCAD). It is difficult to say exactly what the Minutes of the Trial Board prove. On this ground alone, summary judgment should be denied. Polaroid Corp. v. Schuster's Express, Inc., 1 Cir., 1973, 484 F.2d 349, 351.
Moreover, the defendant, Local 103, in its sworn answers to interrogatories, has disputed the alleged basis of Goodman's fine. Interrogatory 15g asked Local 103 to "State fully and in detail each and every fact that supports each determination of Goodman's guilt as to each specific violation." Local 103's response was that:
[t]he finding was based upon the evidence presented before the Trial Board, which showed that Mr. Goodman was referred to the MBTA as a temporary employee, that he was laid off by the MBTA, that he registered as unemployed with the Local, that he filed for unemployment compensation, that he obtained further employment with the MBTA by jumping over 338 men on the unemployed list, in violation of the Constitution, Bylaws and Contract.
Thus, the facts concerning at least one essential element of plaintiff's prima facie case, viz., causation, is disputed by the Local. Therefore, summary judgment against the defendant Local 103 is denied.
NOTES
[1] We note, however, that Local 103 does not have the power to amend the International's constitution. See Supplemental Affidavit of Marcus L. Loftis, 11/10/78, at ¶ 13. Such relief may only be granted against the International. Though plaintiff Goodman might be able to obtain such relief in his suit against the International, he has not moved for summary judgment against International. Therefore, we need not consider whether the challenged provisions of the International's constitution are per se violations of Title VII.
[2] We note that the cases cited by the International, Truvillion v. King's Daughters Hospital, 5 Cir., 1980, 614 F.2d 520, Hodge v. McLean Trucking Co., 5 Cir., 1979, 607 F.2d 1118; Clanton v. Orleans Parish School Bd., E.D.La., 1976, 72 F.R.D. 164, do not suggest a different interpretation of § 706(f)(1).