**In re UNITED ARTISTS THEATRE COMPANY, et al., Debtors.**

**Hacienda Heating & Cooling, Inc., Plaintiff,**

v.

**United Artists Theatre Circuit, Inc., Defendant.**

**Bankruptcy No. 00–03514(PJW). Adversary No. 09–50896(PJW).**

United States Bankruptcy Court, D. Delaware.

Aug. 26, 2009.

William P. Bowden, Stacy L. Newman, Ashby & Geddes, P.A., Wilmington, DE, Keith Beauchamp, Robert G. Schaffer, Thomas A. Gilson, Lewis & Roca LLP, Phoenix, AZ, for Defendant United Artists Theatre Circuit, Inc.

Kathleen M. Miller, Smith, Katzenstein & Furlow LLP, Wilmington, DE, Christopher A. LaVoy, LaVoy & Chernoff, PC, Phoenix, AZ, Edward Moomjian II, Udall Law Firm, LLP, Tucson, AZ, for plaintiff Hacienda Heating & Cooling, Inc.

## MEMORANDUM OPINION

PETER J. WALSH, Bankruptcy Judge.

This opinion is with respect to the motion brought by Hacienda Heating and Cooling, Inc. ("Hacienda"), pursuant to Fed.R.Civ.P. 23, to certify a class of certain individuals and entities to which a notice ("Notice") of the bankruptcy filing of United Artists Theatre Circuit, Inc. ("United Artists") was or should have been sent. (Adv. Doc. # 34.) This motion was coupled with two motions for partial summary judgment brought by Hacienda regarding the sending and contents of the Notice; I denied both those motions in an opinion issued on June 19, 2009. *Hacienda Heating & Cooling, Inc. v. United Artists Theatre Circuit, Inc. (In re United Artists Theatre Co.)*, 406 B.R. 643 (Bankr. D.Del.2009). For the reasons discussed below, I will certify the class.

## BACKGROUND

A lengthy background as to Hacienda's motions is set forth in this Court's opinion of June 19, 2009. In brief, on November 18, 1999, ESI Ergonomic Solutions, L.L.C. ("ESI") filed a class action complaint against United Artists and American Blast Fax, Inc. ("American Blast") in Arizona state court claiming that United Artists and American Blast violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by sending 90,000 movie-ticket advertisements to fax machines in the metro-Phoenix area without receiving express permission. (Case No. CV99–20649.) ESI sought to represent the class

of those individuals and entities who received the advertisement. (Adv. Doc. # 34, p. 3.)

On September 5, 2000, United Artists, along with numerous related entities ("Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (Case No. 00–03514.) Pursuant to 11 U.S.C. § 362(a), the state court proceeding was stayed. On November 7, 2000, ESI filed a class proof of claim in the chapter case. (Doc. # 512, ex. 4.)

In connection with the state court proceeding, American Blast produced a database ("Database") which contained all of the fax numbers to which the junk fax advertisement originally was sent, plus a few extra fax numbers ("Recipients"). (Adv. Doc. # 34, p. 3.) Relying upon the Database, United Artists sought permission to send Notice of the bankruptcy to the Recipients. (Doc. # 55.) The judge of the United States District Court for the District of Delaware who heard the bankruptcy case ordered this Notice be sent using the Database. (Doc. # 504.)

Further, in connection with the bankruptcy case, on January 22, 2001, ESI obtained an order lifting the automatic stay and allowing the state court litigation to proceed. The order provided that ESI could enforce any settlement, judgment, or other disposition of the underlying claims in the state court litigation only against any of the Debtors insurance policies and proceeds therefrom. (Doc. # 854.) The Arizona state court then certified the class

as those individuals and entities in the Database who received the initial junk fax. On November 7, 2003, it entered summary judgment in favor of the class for at least 57,600 TCPA violations,[1] resulting in an aggregate statutory damage award against United Artists and American Blast of $28.8 million plus prejudgment interest. (Adv. Doc. # 4, ex. 3.) United Artists filed motions to decertify the class and to vacate or reconsider the grant of partial summary judgment. The Arizona state court denied both motions. (Adv. Doc. # 71, exs. 10 and 11.)

On March 13, 2008, Hacienda filed a class action complaint in the United States District Court for the District of Arizona against United Artists on behalf of itself and all others similarly situated— the class certified in the state action, excluding ESI—to have the discharge granted United Artists declared null and void as to the pursuit and collection of the damage award.[2] (Adv. Doc. # 4.) Hacienda argued that the Recipients were denied due process: there was no evidence that the Notice was ever sent, and even if the Notice was sent, that its content failed to adequately inform the Recipients of their claims and rights. (Adv. Doc. ## 35 and 36.) In response, United Artists contended that sufficient notice was sent to the Recipients, thereby arguing that the Recipients are bound to the bankruptcy discharge, orders, and proceedings as a matter of *res judicata,* and that the proceedings operated to discharge United Artists' obligation to pay the damages award. (Adv. Doc. # 35, p.

---

1. Specifically, the court's ruling was for partial summary judgment and ordered that a trial be held to determine how many more TCPA violations (in excess of 57,600) actually had occurred. However, ESI conditionally waived the right to establish additional violations. (Adv. Doc. # 35, p. 5, n. 9.)

2. As of March 13, 2008, Hacienda claims that, including interest, the total damage amount is approximately $52 million. (Adv. Doc. # 4, p. 1.) As noted in this Court's June 19, 2009 opinion, I believe that the potential ultimate recovery for the class is $1,223,062; that amounts to about $21 per class member. *In re United Artists Theatre,* 406 B.R. at 652.

5.) In its complaint, Hacienda also asked that the proposed class be certified. (Adv. Doc. # 34.)

On May 12, 2008, United Artists filed a motion to dismiss Hacienda's complaint for lack of subject matter jurisdiction, or, in the alternate, to transfer venue. On March 31, 2009, the District Court in Arizona ordered that venue be transferred to this Court. (Adv. Doc. # 1.) On June 19, 2009, this Court denied Hacienda's motions for partial summary judgment regarding failure to send the Notice and regarding the inadequate content of the Notice. Thus, only Hacienda's motion for class certification remains.

## DISCUSSION

In order to obtain class certification, a plaintiff must satisfy the two-pronged inquiry of Fed.R.Civ.P. 23, made applicable to this proceeding by Fed. R. Bankr.P. 7023. First, a case may be certified as a class action if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). If these four requirements are satisfied, the class action must further meet one of the requirements outlined in Rule 23(b). *See, e.g., Scott v. University of Delaware,* 601 F.2d 76, 84 (3d Cir.1979).

■■■ The application of Rule 23 requires "rigorous analysis to ensure that class certification is appropriate." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 594 n. 13, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *General Tel. Co. of Southwest v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364,

72 L.Ed.2d 740 (1982)) (internal quotations omitted) (noting that a "court may not certify a class without ruling that each Rule 23 requirement is met, even if a requirement overlaps with a merits issue"). This rigorous analysis requires a court to "find that the evidence more likely than not establishes each fact necessary to meet the requirements of Rule 23." *In re Hydrogen Peroxide Antitrust Litig.,* 552 F.3d 305, 320 (3d Cir.2008).

■■■ Coupled with this rigorous analysis, courts "construe the requirements of Rule 23 liberally, particularly when the determination of the propriety of the class action is being made at an early stage of the proceedings...." *Scott,* 601 F.2d at 92 n. 15; *see also Brown v. Cameron–Brown Co.,* 92 F.R.D. 32, 49 (E.D.Va.1981) ("Generally, there appears to be an acceptance that where doubts exist as to the advisability of proceeding with a class action they should be resolved in favor of class certification."). The Third Circuit has indicated that class actions should be looked upon favorably. *Eisenberg v. Gagnon,* 766 F.2d 770, 785 (3d Cir.1985), *cert. denied, Wasserstrom v. Eisenberg,* 474 U.S. 946, 106 S.Ct. 342, 88 L.Ed.2d 290 (1985) (noting that for claims based on securities laws, "[c]lass actions are a particularly appropriate and desirable means to resolve claims"); *Spark v. MBNA Corp.,* 178 F.R.D. 431, 434 (D.Del.1998). Nevertheless, even if all the elements of Rule 23(a) and (b) are met, class certification can be denied for lack of need: "[C]ertification is unnecessary if all the class members will benefit from an injunction issued on behalf of the named plaintiffs." *Kansas Health Care Ass'n v. Kansas Dep't of Social & Rehabilitation Servs.,* 31 F.3d 1536, 1548 (10th Cir.1994); *see also Sokol v. New United Motor Mfg., Inc.,* 1999 WL 1136683, 1999 U.S. Dist. LEXIS 20215, at *17–18 (N.D.Ca.1999) ("[T]he class vehicle

is not necessary to obtain the relief sought."); *Stuart v. Hewlett–Packard Co.,* 66 F.R.D. 73, 77 (E.D.Mich.1975) ("Even after the threshold determination is made that a class action is an appropriate device, the inquiry should proceed to determine if, under the circumstances, it is the most appropriate device.").

■ Before addressing the elements of Rule 23(a) and (b), a court must determine whether a legally definable class that has standing exists. *See, e.g., In re Chiang,* 385 F.3d 256, 271 (3d Cir.2004). Hacienda seeks to have certified the class defined as: "the holders, at or about the time of the junk faxing, of all facsimile numbers on the Send–Database (produced in the [Arizona state court action]) except for the plaintiff in the [Arizona state court action]." (Adv. Doc. #4, p. 10, ¶ 40.) United Artists asserts that Hacienda's class definition is flawed because membership in the class cannot be ascertained by any objective basis, and because identifying any particular individual as a member of the class is not administratively feasible. (Adv. Doc. #58, pp. 9–10.) In its summary judgment ruling, the Arizona state court held that at least 57,000 individuals or entities listed in the Database received the initial junk fax; it left for trial the issue of whether additional violations beyond the 57,600 occurred, which ESI later conditionally waived. Further, the Arizona state court held that every individual and entity listed in the Database potentially was entitled to share in the $28.8 million damage award. Moreover, it was this Database that the Delaware District Court relied upon to distribute the Notice that Hacienda attacks in the instant action. Accordingly, the entire group Hacienda seeks to have certified as the class has standing: it is this group that was identified in the Arizona state court's summary judgment ruling, and it is this group to which the Notice was to be sent. Also, membership in the class can be ascertained objectively and feasibly: whether an individual or entity appears in the Database. A legally definable class exists.

*Requirements of Rule 23(a)*

### 1. Numerosity

■ Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impractical." Fed.R.Civ.P. 23(a)(1). The Third Circuit has indicated that this numerosity requirement generally is met "if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40." *Stewart v. Abraham,* 275 F.3d 220, 226–27 (3d Cir.2001). Here the proposed class contains tens of thousands of members. Rule 23(a)(1)'s numerosity requirement clearly is satisfied.

### 2. Commonality

■ Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). The Third Circuit has held that "the commonality requirement will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class." *Baby Neal for and by Kanter v. Casey,* 43 F.3d 48, 56 (3d Cir.1994). The commonality requirement is easily met here: the claims, and the questions of law therein, of the class members are exactly the same—whether the method of providing notice to the class members and the content of the Notice complied with due process. United Artists' defense to these claims, and the questions of law therein, likewise is applicable to all class members: whether the bankruptcy cases conclusion operates as *res judicata* to bar the claims.

### 3. Typicality

■ Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."[3] Fed.R.Civ.P. 23(a)(3). The typicality requirement assesses "whether the named plaintiffs have incentives that align with those of absent class members so as to assure that the absentees' interests will be fairly represented." *Baby Neal*, 43 F.3d at 57. The Third Circuit has stated that "cases challenging the same unlawful conduct which affects both the named plaintiffs and the putative class usually satisfy the typicality requirement irrespective of the varying fact patterns underlying the individual claims." *Id.; see also Brink v. First Credit Res.*, 185 F.R.D. 567, 570 (D.Ariz.1999) ("A representative's claim is typical if it is based upon the same event or course of conduct that is the basis of the other class members' claims, as well as the same legal theory."). These are the circumstances of the instant complaint. Hacienda and the proposed class members are challenging the same unlawful course of conduct: the constitutional adequacy of the allegedly faxed Notice. Their interests are aligned: the same evidence will be used to try to prove the same legal theories. The typicality requirement of Rule 23(a)(3) is satisfied.

### 4. Adequacy

■ Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). The adequacy of representation requirement has two components: "the interests of the named plaintiffs must be sufficiently aligned with those of the absentees," and "class counsel must be qualified and must serve the interests of the entire class." *Georgine v. Amchem Prods.*, 83 F.3d 610, 630 (3d Cir.1996). As synthesized by a number of courts, "[a]bsent any conflict between the interests of the representative and other [class members], and absent any indication that the representative will not aggressively conduct the litigation, fair and adequate protection of the class may be assumed." *In re Playmobil Antitrust Litig.*, 35 F.Supp.2d 231, 243 (E.D.N.Y.1998) (quoting *Guarantee Ins. Agency Co. v. Mid–Continental Realty Corp.*, 57 F.R.D. 555, 565 (N.D.Ill.1972)) (internal quotations omitted).

■ As to the adequacy of Hacienda as the named plaintiff, Hacienda's interests are the same as the other class members: each class member seemingly wants to recover its TCPA damages. Hacienda has demonstrated that it will conduct litigation aggressively on behalf of itself and the class to achieve this: Hacienda filed the instant class action complaint; Hacienda defended the complaint against United Artists' motion to dismiss; after the proceeding was transferred to this Court, Hacienda continued to pursue the instant motion to certify and dual motions for partial

---

**3.** United Artists argues that class certification must be denied because Hacienda has not established that it is a member of the putative class, contending that Hacienda has failed to show that it received the initial fax from American Blast and/or the Notice in 2000. (Adv. Doc. # 58, pp. 10–12.) As discussed above, the class that Hacienda seeks to be certified includes those individuals and entities, with the exception of ESI, listed in the Database. As supported by the declaration of a paralegal for Hacienda's counsel, Hacienda's fax number appears in the Database, thereby establishing its right to share in the Arizona state court's damage award and establishing that it should have received the Notice. (Adv. Doc. # 3, p. 16; Adv. Doc. # 71, ex. 15.) Further, in her declaration, Mary Jean Faski, Hacienda's owner, stated that Hacienda received the original junk fax. (Adv. Doc. # 71, ex. 9, ¶ 8.) Hacienda is a member of the putative class.

summary judgment; and, after this Court denied its dual motions for partial summary judgment and opined that its estimated total recoverable amount was significantly less than it claimed, Hacienda did not withdraw its motion to certify.

■ United Artists asserts that Hacienda's prior unrelated representation by one of the proposed class counsels may preclude Hacienda as class representative. Seven months after ESI obtained the lift stay order allowing the state court action to proceed, Hacienda hired one of the firms representing Hacienda in this proceeding to sue unrelated parties for other TCPA violations. The same law firm represented ESI in the Arizona state court action and bankruptcy proceedings. United Artists contends that through this representation, Hacienda received constructive knowledge of United Artists' bankruptcy and, as it knew of the bankruptcy, Hacienda unreasonably delayed in waiting until 2008 to bring the instant challenge.[4] Case law is clear that constructive knowledge of a bankruptcy does not negate a creditor's right to reasonable notice. *See, e.g., City of New York v. New York,* 344 U.S. 293, 297, 73 S.Ct. 299, 97 L.Ed. 333 (1953) ("But even creditors who have knowledge of a reorganization have the right to assume that the statutory 'reasonable notice' will be given them before their claims are forever barred."); *Maldonado v. Ramirez,* 757 F.2d 48, 51 (3d Cir.1985) ("[A]n attorney given notice of the bankruptcy on behalf of a particular client is not called upon to review all of his or her files to ascertain whether any other client may also have a claim against the bankrupt."). Also, as discussed in this Court's June 19, 2009

opinion, challenges based on due process may be brought at any time. *In re United Artists Theatre,* 406 B.R. at 647–48. Hacienda is an adequate class representative.

■ As to the adequacy of Hacienda's proposed class counsel—Christopher LaVoy of LaVoy & Chernoff, PC, and Edward Moomjian II of the Udall Law Firm LLP—Rule 23(g)(1)(A) requires courts to consider the following criteria:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed.R.Civ.P. 23(g)(1)(A). Also, courts must find that class counsel "fairly and adequately represent[s] the interests of the class." Fed.R.Civ.P. 23(g)(4). Further, courts "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed.R.Civ.P. 23(g)(1)(B).

First, as outlined in Hacienda's statement of facts and complaint, proposed counsel performed substantial investigation prior to filing its complaint, including sending a paralegal to the National Archives in Pennsylvania to search the bankruptcy file for the certificate of service of the Notice and the Database. (Adv. Doc. # 4, pp. 8–9, ¶¶ 34–35; *id.* at ex. 4.) Second, proposed class counsel has considerable experience in handling class actions: not only did proposed class counsel handle

---

4. As ESI did not appear in the bankruptcy as a class representative and only received class certification in 2003, two years after United Artists received bankruptcy discharge, Ha-

cienda, as a member of that later certified class, was not represented by ESI's counsel as that representation related to United Artists' bankruptcy.

the underlying ESI class action, proposed class counsel has handled a number of TCPA class actions. Third, this handling of the underlying ESI class action and other TCPA class actions demonstrates that proposed class counsel has knowledge of the applicable law: proposed class counsel succeeded in lifting the stay as to United Artists' bankruptcy, in its pursuit of class certification as to the Arizona state court action, and in winning a damage award for that class. Fourth, based on the extensive briefing and litigation that already has proceeded as to the instant action, I think it clear that proposed class counsel will commit significant resources to representing the class. Finally, proposed class counsel has demonstrated that it seeks to represent fairly and adequately the interests of the class: early into the ESI class action, United Artists offered ESI and its counsel $100,000 to abandon pursuit of the class action, which ESI and its counsel refused in favor of pursuing equally the interests of all class members. (Adv. Doc. #34, ex. B.) Proposed class counsel is adequate.

*Requirements of Rule 23(b)*

 In addition to meeting the requirements of Rule 23(a), Hacienda also must satisfy one of the requirements of Rule 23(b). Hacienda contends that its action falls under Rule 23(b)(2), which permits a class action to be maintained where the plaintiff establishes that the defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R.Civ.P. 23(b)(2). Rule 23(b)(2) class actions are limited to seeking injunctive or corresponding declaratory relief. *Barnes v. American Tobacco Co.*, 161 F.3d 127, 142 (3d Cir.1998). Rule 23(b)(2) seems to apply: United Artists' alleged failure to provide adequate notice to the Recipients affected all class members in the same manner; and, based on inadequacy of notice, Hacienda seeks a declaration that the proposed class may pursue collection of its damage award in the underlying Arizona state court litigation despite the bankruptcy discharge granted United Artists. Indeed, courts have upheld class certification in the context of a common allegation that a party failed to provide sufficient notice to another party, thereby depriving that party of due process. *See, e.g., Walters v. Reno*, 145 F.3d 1032 (9th Cir.1998) (upholding district court's certification of a class for injunctive or declaratory relief based on the United States Immigration and Naturalization Service's alleged unconstitutional notice of rights to non-citizens); *Mayhew v. Cohen*, 604 F.Supp. 850 (E.D.Pa.1984) ("The proposed class includes all who have received or will receive the set of notices challenged as constitutionally inadequate.").

Nevertheless, United Artists argues that Rule 23(b)(2) is inapplicable to the instant case because Hacienda's motion merely seeks relief as to monetary damages. In support of its argument, United Artists cites to a number of sources which note that Rule 23(b)(2) is limited to situations in which the relief sought "would have the effect of enjoining the defendants from *acting* in the future." *Coca–Cola Bottling Co. Of Elizabethtown, Inc. v. Coca–Cola Co.*, 98 F.R.D. 254, 271 (D.Del.1983), *affirmed in part and reversed in part on other grounds*, 988 F.2d 386 (3d Cir.1993) (emphasis added); *see also Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 978 (5th Cir.2000) (noting that "the declaratory relief [the relevant parties] seek serves only to facilitate the award of damages"); *Sarafin v. Sears, Roebuck & Co.*, 446 F.Supp. 611, 615 (N.D.Ill.1978) ("The use of a declaratory judgment in a class action where the real goal is a damage award under-

mines the purpose of Rule 23(b)(2)"); Fed. R.Civ.P. 23, Notes Of Advisory Committee On 1966 Amendments ("[Rule 23(b)(2)] does not extend to cases in which the appropriate final relief relates exclusively or predominately to monetary damages."). Thereby, United Artists asserts that Hacienda's motion should be framed under Rule 23(b)(3), which requires notification to all class members. *See* Fed R. Civ. P. 23(b) and (c).

■ United Artists interprets Hacienda's request incorrectly. Hacienda is not seeking relief from this Court that will lead to litigation over monetary damages: the damage award already has been established. Rather, Hacienda is asking this Court for a ruling as to the effect of the Notice on the ability of Hacienda, and others similarly situated, to collect those damages. Certifying the class will not result in setting the stage for subsequent monetary claims. To the contrary, Hacienda's request only is as to the effect of United Artists' bankruptcy discharge, a purely declaratory question appropriate to class certification pursuant to Rule 23(b)(2).[5] The fact that this Court's subsequent ruling may have a collateral economic consequence does not change the nature of Hacienda's request. *See, e.g., Baby Neal,* 43 F.3d at 48 (holding that, in the

context of an action for declaratory and injunctive relief that would force the state of Pennsylvania to pay a large sum of welfare benefits, Rule 23(b)(2) class certification was appropriate, and noting that "[t]he fact that the plaintiffs in this case seek only injunctive and declaratory relief, not individual damages, further enhances the appropriateness of the [Rule 23(b)(2)] class treatment").

Moreover, courts have certified classes pursuant to Rule 23(b)(2) in the context of actions involving the scope and effect of a bankruptcy discharge. *See Lee v. Board of Higher Education,* 1 B.R. 781 (S.D.N.Y. 1979) (certifying Rule 23(b)(2) class in request for injunctive and declaratory relief as to whether defendant violated discharge injunction); *Montano v. First Light Fed. Credit Union (In re Montano),* 398 B.R. 47 (Bankr.D.N.M.2008) (certifying Rule 23(b)(2) class in request for injunctive and declaratory relief as to discontinuance of reporting of discharged debts); *Anderson v. Cohen (In re Cohen),* 1995 WL 346948 (Bankr.E.D.Pa.1995) (holding that Rule 23(b)(2) class certification was appropriate in the context of creditors seeking relief as to the dischargeability of their claims, and rejecting the argument that such relief was effectively a claim for monetary dam-

---

**5.** United Artists also argues that Rule 23(b)(2) requires the pursuit of "corresponding injunctive relief" if an action for declaratory relief is brought, and, as Hacienda's request is for declaratory relief only and does not mention injunctive relief, Rule 23(b)(2) is inapplicable. In this instance, the "corresponding injunctive relief" is clear: as a practical matter, if Hacienda's requested declaration regarding the effect of United Artists' bankruptcy discharge is granted, enforcement of the discharge effectively will be enjoined. Case law holds that the "corresponding injunctive relief" does not need to be explicitly set out: "A class seeking solely declaratory relief may be certified under subdivision (b)(2)." *Leszczynski v. Allianz Ins.,* 176 F.R.D. 659, 674

(S.D.Fla.1997); *see also Bower v. Bunker Hill Co.,* 114 F.R.D. 587, 587 (E.D.Wash.1986) (certifying a class only seeking declaratory relief); 7AA Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure, Civil 3D* § 1175 (2008) ("Because of the close nexus between injunctive and declaratory relief, it is quite common for parties seeking a declaration of their rights also to include a request for an injunction. But the rule does not require that both forms of relief be sought and a class action seeking solely declaratory relief may be certified under subdivision (b)(2)."). Hacienda's request for relief is appropriately framed for analysis under Rule 23(b)(2).

ages, stating that "[t]he role of a bankruptcy court in a dischargeability proceeding is merely to determine whether certain claims are dischargeable or not, not to liquidate those claims"). Hacienda's request clearly falls within Rule 23(b)(2).

Finally, I note that class certification is particularly appropriate in the present circumstance to resolve the instant claims. All members of the proposed class may have been injured identically by United Artists failure to send or provide adequate Notice; as such, litigating the claims in one proceeding will be most efficient. Also, each member of the proposed class' potential recovery—most likely approximately $21—is so small as to preclude individual members from pursuing those claims even if Hacienda, as an individual plaintiff absent class certification, prevails in its action. Class certification is well-suited and needed. As I find that Hacienda has met the requirements of Rule 23(a) and (b), and further based on the Third Circuit's indication that class actions should be looked upon favorably, I will certify the class under Rule 23(b)(2).

### CONCLUSION

For the reasons stated above, Hacienda's request for certification of the class of individuals and entities listed in the Database, excluding ESI, is granted.

### ORDER

For the reasons set forth in the Court's memorandum opinion of this date, Hacienda Heating and Cooling, Inc.'s motion for class certification (Adv. Doc. # 34) is **granted.**